CLINT TRIPLETT v. ROBERT L. JAMES AND BILLY HALL DEAL, D/B/A B AND J AUTO SALES AND WESTERN SURETY COMPANY

No. 7923SC561

(Filed 5 February 1980)

**Principal and Surety § 11— automobile dealer's bond—protection of purchaser only**

Plaintiff wholesale automobile dealer, who sold vehicles to defendants, could not recover from defendant surety company on a bond obtained by

Triplett v. James

defendant automobile dealers in order to meet the requirements of G.S. 20-288(e) and to obtain a license as a motor vehicle dealer, since the bond provided recovery only to purchasers from defendants.

APPEAL by plaintiff from *Rousseau, Judge.* Judgment entered 28 May 1979 in Superior Court, WILKES County. Heard in the Court of Appeals 16 January 1980.

Plaintiff instituted this action against defendants seeking a recovery of $25,800. Plaintiff alleged in his complaint that he is a wholesale automobile dealer; that he sold cars to defendants James and Deal, d/b/a B & J Auto Sales, from time to time; that he sold cars to B & J during November and December 1978 and that as payment he received checks that have been returned for insufficient funds. Plaintiff claimed that Western Surety was liable to him for $15,000 of the total debt because of a bond that B & J and Western Surety had executed as principal and surety, respectively, on 28 November 1977.

A confession of judgment was entered into by plaintiff and James on 26 April 1979, authorizing entry of judgment in favor of plaintiff in the amount of $16,800 plus interest. Subsequently, plaintiff moved for summary judgment as to Deal and Western Surety. This motion was denied, and Western Surety's motion for summary judgment was granted. Plaintiff appealed from the entry of summary judgment in favor of Western Surety.

*George G. Cunningham for plaintiff appellant.*

*Moore & Willardson, by Larry S. Moore and Robert P. Laney, for defendant appellees.*

HILL, Judge.

The bond prepared by defendant Western Surety (Western) was entered into with B & J for a specific purpose. G.S. 20-288(e) provides that,

Each applicant approved by the Division for license as a motor vehicle dealer . . . shall furnish a corporate surety bond . . . .

. . . .

Any *purchaser* [emphasis added] of a motor vehicle who shall
have suffered any loss or damage by any act of a motor vehi-
cle dealer that constitutes a violation of this Article shall
have the right to institute an action to recover against . . .
the surety.

It is clear that the bond was purchased by B & J in order to
comply with G.S. 20-288(e). Not only does the bond refer on its
face to Article 12 of Chapter 20 of the General Statutes wherein
G.S. 20-288(e) is contained, but it also gives protection in the
amount of $15,000, the sum specifically required by G.S. 20-288(e).
The statute seeks to protect purchasers of automobiles; however,
plaintiff contends that once issued, the bond can be sued upon by
anyone defrauded by a motor vehicle dealer.

Plaintiff points to the language of the Western bond as sup-
port for his position. The bond states that Western, as surety, is
bound unto the people of North Carolina,

. . . to indemnify *any person* [emphasis added] who may be
aggrieved by fraud . . . or violation by said Principal [B&J]
. . . of any of the provisions of Article 12, Chapter 20 of the
North Carolina General Statutes in the amount of Fifteen
Thousand Dollars . . . .

Plaintiff asserts that the language is ambiguous, it appearing that
*any person* aggrieved by fraud will be indemnified, not just the
parties covered by Chapter 20, and that the ambiguity must be
construed against Western who chose the words when drafting
the bond. *Hood, Comr. of Banks v. Davidson*, 207 N.C. 329, 334,
177 S.E. 5 (1934).

Plaintiff is correct in theory but wrong in fact. The Western
bond is not ambiguous. The bond refers on its face to Article 12,
Chapter 20. In construing a contract of indemnity, our primary
purpose must be ". . . to ascertain and give effect to the intention
of the parties . . . ." *Dixie Container Corp. v. Dale*, 273 N.C. 624,
627, 160 S.E. 2d 708 (1968). The bond must, ". . . be construed to
cover all losses, damages, and liabilities which reasonably appear
to have been within the contemplation of the parties, but it can-
not be extended to cover any losses 'which are neither expressly
within its terms nor of such character that it can reasonably be
inferred that they were intended to be within the contract.'"

(Citation omitted.) *Id.* at 627. It is clear that B & J obtained the bond from Western in order to meet the requirements of G.S. 20-288(e) and obtain a license as a motor vehicle dealer. Furthermore, it is clear that G.S. 20-288(e) grants only to *purchasers* the right to recover on the bond.

Plaintiff seeks to bolster his position by pointing out that a motor vehicle dealer may have his license denied, suspended or revoked for,

> Willfully defrauding any retail buyer, to the buyer's damage, or *any other person* [emphasis added] in the conduct of the licensee's business. G.S. 20-294(4).

Certainly, a dealer may lose his license for defrauding any person in the conduct of his business. This does not mean, however, that the bond specifically required by G.S. 20-288(e) and specifically limited by that section as a source of indemnity to *purchasers only* is available as a remedy to any defrauded party.

G.S. 20-294(4) only sets out grounds for which the State may suspend or revoke a license. It does not enlarge the coverage of G.S. 20-288(e) to any parties other than a purchaser.

For the reasons stated above, the judgment of the court below is

Affirmed.

Chief Judge MORRIS and Judge MARTIN (Harry C.) concur.