# CIRCUIT COURT OF THE CITY OF WINCHESTER

Commercial & Savings Bank

v.

LaFollette et al.

August 25, 1981

Case No. 81-L-33

By JUDGE HENRY H. WHITING

This matter is before the Court on a demurrer filed by the bonding company contending that its bond for the other defendant, who was a used car dealer in the City of Winchester, did not cover an alleged fraudulent act by the dealer inducing the plaintiff bank to lend money on the dealer's stock of used automobiles.

The bond was issued to satisfy one of the statutory conditions precedent to the issuance of a license to the defendant used car dealer. § 46.1-525.1 expressly requires the bond to be conditioned that the used car dealer shall not:

> [1] Practice fraud, [2] make any fraudulent representation, or [3] violate any of the provisions of this chapter in the conduct of the business for which he is licensed. (Numbers added by the Court.)

The next paragraph of the same statute provides:

> If *any person* shall *suffer any loss* or damage *by* reason of *any fraud* practiced on him or fraudulent representation made to him *by* [*such dealer* or his agent] *or* shall suffer any loss or damage by reason of the *violation by such dealer* or salesman of any *of the provisions*

*of this chapter*, such person shall have a right of action [upon the bond]. (Italics added.)

Is a creditor of the dealer included as "any person" who suffers loss by reason of a: (1) fraudulent practice upon him; (2) fraudulent misrepresentation made to him; (3) violation of any of the provisions of the entire chapter cited dealing with motor vehicle dealers?

The Court believes such a creditor is covered by the language of the statute and bond in this case (tracking the provisions of the statute), based upon the following:

(1) The various references to bond coverage deal with "any person," without limitation, using "any" as indefinite and unrestricted, and do not limit the protection or coverage of the statute to "any purchaser," as in *Triplett* v. *James*, 262 S.E.2d 374 (N.C. 1980).

(2) A dealer may lose his license not only if he willfully defrauds "any retail buyer, to the buyer's damage," but also "any other person in the conduct of the licensee's business," § 46.1-535. The legislature must have contemplated someone else than a retail buyer. The Court believes this would cover not only a seller or someone who put a car with the dealer on consignment but also a creditor of such a dealer. If a seller left a car with the dealer to sell and it was sold, the seller would become the retail dealer's creditor. Surely that person could recover under the classification of "any other person [damaged] in the conduct of the licensee's business." If he is covered, then there seems to be no reason to discriminate against the bank financing the dealer's stock on a floor plan.

(3) The Arizona Court, in construing a statute which is almost exactly the same as the Virginia statute, has extended such coverage to a creditor, holding that the conduct of the used car business involves more than just the business of selling used cars but also includes financing and brokering those same cars. *Commercial Standard Insurance Company* v. *West*, 249 P.2d 830 (Ariz. 1952). The earlier Arizona cases which were cited by the bonding company were distinguished on the ground that the language of the acts themselves specifically limited coverage to a clearly defined group, just as the North Carolina case did.

Counsel for the bank may draw an appropriate Order overruling the Demurrer.