WILLIAM EDWARD FINK v. STALLINGS 601 SALES, INC., AND CITICORP PERSON-TO-PERSON FINANCIAL CENTER, INC., AND NORTH RIVER INSURANCE COMPANY

No. 8219DC1165

(Filed 18 October 1983)

**Automobiles and Other Vehicles § 5— inventory financing on vehicles—financial institution not purchaser—no recovery on surety bond**

A financial institution which provided inventory financing to a motor vehicle dealer and which had a security interest in a motor home in the dealer's inventory was not a "purchaser" of the motor home within the purview of G.S. 20-288(e) and thus was not entitled to recover under the motor vehicle dealer's surety bond when the motor home was sold by the dealer and the amount owed by the dealer was not remitted to the financial institution.

APPEAL by defendant from *Kirby, Judge.* Judgment entered 2 August 1982 in Superior Court, CABARRUS County. Heard in the Court of Appeals 27 September 1983.

Defendant Citicorp appeals from the dismissal of its crossclaim against co-defendant North River Insurance Company. On 14 December 1979 plaintiff bought a 1979 Honey motor home from defendant Stallings 601 Sales, Inc., a licensed motor vehicle dealer. He paid the full purchase price of $11,900, but did not at that time receive a certificate of title.

At the time of this purchase, defendant Citicorp provided Stallings with general inventory financing. Pursuant to the financing agreement, Citicorp held some security interest in the inventory of the Stallings dealership, including the 1979 motor home in question. Citicorp continued to hold the certificate of title for the motor home, although it was issued in the name of Stallings 601 Sales, Inc. The balance owed by Stallings to Citicorp on the motor home was $11,245.50. Stallings neither reported the sale of the motor home to Citicorp, nor paid Citicorp the balance due on the vehicle.

Plaintiff filed a complaint against Citicorp, seeking to compel delivery of the certificate of title. In the alternative, plaintiff sought monetary damages from Stallings and North River Insurance Company, the surety on Stallings' motor vehicle dealer's bond. Citicorp crossclaimed against Stallings and North River to

indemnify it if plaintiff recovered from Citicorp. North River crossclaimed against Stallings for indemnity.

Summary judgment was entered in favor of plaintiff against Citicorp for possession of the certificate of title, and plaintiff filed a voluntary dismissal as to the remaining defendants. Citicorp and North River filed voluntary dismissals of their crossclaims against Stallings. Citicorp's crossclaim against North River was dismissed and is the subject of this appeal.

*Williams, Boger, Grady, Davis and Tuttle, by Samuel F. Davis, Jr., for defendant-appellant.*

*Golding, Crews, Meekins, Gordon & Gray, by Ned A. Stiles, for defendant-appellee.*

ARNOLD, Judge.

Defendant Citicorp contends it is a "purchaser" under G.S. 20-288(e) and thereby entitled to indemnity from North River Insurance Company, the surety on Stallings' motor vehicle dealer's bond, for recovery of the $11,245.50 balance due from Stallings on the 1979 Honey motor home.

The statute in question provides in part:

Any purchaser of a motor vehicle who shall have suffered any loss or damage by any act of a motor vehicle dealer that constitutes a violation of this Article shall have the right to institute an action to recover against such motor vehicle dealer and the surety. G.S. 20-288(e).

It is clear that only *purchasers* of motor vehicles may recover under a motor vehicle surety bond. *Triplett v. James*, 45 N.C. App. 96, 262 S.E. 2d 374 (1980), *disc. rev. den.*, 300 N.C. 202, 269 S.E. 2d 621 (1980). Furthermore, where words of a statute have not acquired a technical meaning, they must be construed in accordance with their common and ordinary meaning unless a different meaning is indicated. *Lafayette Transp. Service, Inc. v. County of Robeson*, 283 N.C. 494, 196 S.E. 2d 770 (1973).

The common meaning of "purchaser," as defined in Webster's Third New International Dictionary (1968), is "one that acquires property for a consideration (as of money)." Although Citicorp did have an interest in the 1979 motor home, it cannot be said that it

*acquired* the vehicle. Citicorp never took possession of the motor home. It was never issued a certificate of title in its own name. Registration cards and license plates were never issued to Citicorp. All Citicorp had was a security interest. We hold that Citicorp is not a "purchaser" under the common and ordinary meaning of the word, and is, therefore, not entitled to recover under G.S. 20-288.

Affirmed.

Judges PHILLIPS and EAGLES concur.