NCNB NATIONAL BANK OF NORTH CAROLINA v. WESTERN SURETY COMPANY

No. 8728SC233

(Filed 16 February 1988)

1. **Assignments § 1; Subrogation § 1— claims against used car dealer—proper assignment to plaintiff—plaintiff subrogated to rights of purchasers**

   Where a used car dealer sold used vehicles with unpaid first liens to eight customers who could not obtain certificates of title, and plaintiff bank entered into agreements with each of the customers which provided that plaintiff would pay off the prior liens and in return the customers would assign to plaintiff their claims against the seller and defendant which had bonded the seller, the assignment operated as a valid transfer of the customers' rights to sue the auto dealer on the bonds issued by defendant; furthermore, there was no merit to defendant's contention that plaintiff was a volunteer to the extent that it would be precluded from pursuing its subrogation rights against defendant, since plaintiff's status as a volunteer was of no import because the debt of the purchasers was assigned to plaintiff and was evidenced by an express agreement.

2. **Automobiles § 6.5— fraud in sale of vehicles—liability of surety**

   The act of selling used automobiles with outstanding liens was in violation of Article 12, Chapter 20 of N.C.G.S., thereby invoking the liability of defendant surety to pay on the bonds issued by it to protect purchasers of motor vehicles against fraud by the seller. N.C.G.S. § 20-288(e).

APPEAL by defendant from *Saunders, Judge.* Judgment entered 10 November 1986 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 29 September 1987.

Hendersonville Truck City, Inc. (hereinafter Truck City) was bonded as a licensed automobile dealer by defendant Western Surety. The bonds, in the amounts of $15,000, $5,000, and $5,000 respectively, protected purchasers of motor vehicles against fraud by Truck City. Thereafter, while the bonds were still in force, Truck City sold used vehicles with unpaid first liens to eight customers. Due to the existence of the unpaid first liens, the customers could not obtain certificates of title. Plaintiff NCNB had financed the encumbered vehicles, taking a security interest in them. Because the customers were unable to obtain clear title, NCNB entered into agreements with each of the customers which provided that NCNB would pay off the prior liens and in return the customers would assign their claims against Truck City and Western Surety to NCNB. Pursuant to these agreements, NCNB

extinguished all prior liens on the encumbered vehicles and the customers received title to their vehicles reflecting NCNB as first lienholder. The total amount of liens paid was $28,523.25. Subsequently, on 1 April 1985, Truck City filed a petition in bankruptcy in the United States Bankruptcy Court for the Western District of North Carolina pursuant to Chapter 11 of the United States Bankruptcy Code. On 17 October 1985, plaintiff filed its complaint against defendant alleging it was subrogated to the rights and claims of the purchasers based on the assignment, thereby entitling plaintiff to indemnification of $25,000 under the terms of the motor vehicle surety bonds issued by defendant. On 13 December 1985, defendant filed its answer asserting that the bond issued by defendant was issued pursuant to G.S. 20-288 and was intended to protect purchasers of motor vehicles and not plaintiff. Defendant asserted further that plaintiff paid money on the liens voluntarily and that plaintiff is not subrogated to any claim formerly owned by the eight (8) purchasers.

On 22 October 1986, plaintiff filed a motion for summary judgment and on 3 November 1986, defendant filed a motion for summary judgment. On 10 November 1986, after considering the pleadings, admissions, stipulations of facts and briefs, the trial court denied defendant's motion for summary judgment and granted plaintiff's motion for summary judgment in the amount of $19,469.54 plus interest and costs. Defendant appeals.

*Van Winkle, Buck, Wall, Starnes and Davis, P.A., by Russell P. Brannon and Michelle Rippon, for plaintiff appellee.*

*Morris, Golding, Phillips & Cloninger, by William C. Morris, Jr., for defendant appellant.*

JOHNSON, Judge.

Defendant contends the trial court erred in denying its motion for summary judgment and in granting plaintiff's motion for summary judgment. We disagree. "The judge's role in ruling on a motion for summary judgment is to determine whether any material issues of fact exist that require trial. It necessarily follows that when the only issues to be decided in the case are issues of law, summary judgment is proper." *Wachovia Mortgage Co. v. Autry-Barker-Spurrier Real Estate, Inc.,* 39 N.C. App. 1, 3-4, 249 S.E. 2d 727, 729 (1978). The burden is on the movant to show the

lack of any triable issue of fact. *North Carolina National Bank v. Gillespie*, 291 N.C. 303, 230 S.E. 2d 375 (1976).

Defendant contends that plaintiff is not entitled to sue on the bond because (1) plaintiff is not subrogated to any claim against defendant, (2) plaintiff is a volunteer with no interests assigned to it and (3) Truck City did not violate Article 12 of Chapter 20 of N.C.G.S. and the bond is only liable for such violations.

[1] Plaintiff contends that (1) it is a purchaser within the meaning of N.C.G.S. 20-288(e), thereby entitling plaintiff to recover against defendant surety on the bonds, (2) it is not a volunteer to the extent that it would be precluded from pursuing its subrogation rights against defendant, (3) public policy favors recovery pursuant to N.C.G.S. Sec. 20-288 on a theory of subrogation, and (4) fraud and fraudulent representation may be the basis of a claim under N.C.G.S. Sec. 20-288(e). The bond issued by Western is almost verbatim the language of bonds construed by this Court in *Taylor v. Johnson*, 84 N.C. App. 116, 351 S.E. 2d 831 (1987), and *Triplett v. James*, 45 N.C. App. 96, 262 S.E. 2d 374, *disc. rev. denied*, 300 N.C. 202, 269 S.E. 2d 621 (1980), wherein we determined that such bonds were issued to comply with G.S. 20-288(e).

G.S. 20-288(e) provides in pertinent part:

Each applicant approved by the Division for license as a motor vehicle dealer, . . . shall furnish a corporate surety bond, . . . Any purchaser of a motor vehicle who shall have suffered any *loss or damage by any act* of a motor vehicle dealer that *constitutes a violation of this Article* shall have the right to institute an action to recover against . . . the surety. (Emphasis added.)

It is clear that the eight customers who purchased the cars are "purchasers" within the meaning of G.S. 20-288(e) and as such had a right to sue the automobile dealer on the bonds issued by defendant Western Surety.

In exchange for that right, the purchasers elected to obtain the title to the automobiles by assigning all their rights to sue the automobile dealer and surety to plaintiff NCNB. This assignment of rights was obtained pursuant to a business contract entered into by the parties involved, NCNB and the purchasers.

Choses in action are assignable. *High Point Casket Co. v. Wheeler*, 182 N.C. 459, 109 S.E. 378 (1921). An assignment operates as a valid transfer of title of a chose in action, and an assignee becomes a real party in interest who may maintain an action thereon in his own name and acquire such right, title, and interest as the assignor had. *Gillespie v. DeWitt*, 53 N.C. App. 252, 280 S.E. 2d 736, *disc. rev. denied*, 304 N.C. 390, 285 S.E. 2d 832 (1981). Therefore, NCNB, as assignee, obtained all the rights, claims, and title of the assignor.

In addition to obtaining an assignment of all rights, claims, and title, NCNB paid off the liens on the vehicles and pursuant to the terms of the contract, was to be entitled to subrogation of all claims that the assignors had against the defendant.

Defendant contends that plaintiff is a volunteer to the extent that it would be precluded from pursuing any subrogation rights. We disagree. "[A] mere volunteer or intermeddler who, having no interest to protect and without any legal or moral obligation, pays the debt of another, is not entitled to subrogation *without an agreement to this effect, or an assignment of the debt . . .*" (Emphasis added.) *Journal Publishing Co. v. Barber*, 165 N.C. 478, 483, 81 S.E. 694, 697 (1914). We believe the facts give rise to the doctrine of "conventional subrogation." Conventional subrogation arises from an express agreement of the parties as opposed to equitable subrogation which rests not on contract but on principles of equity. *Publishing Co., supra; Powell v. Wake Water Co.*, 171 N.C. 290, 88 S.E. 426 (1916). The record establishes that NCNB entered into agreements with each purchaser respectively, wherein the agreements all state in part:

. . . IT IS AGREED BETWEEN THE PARTIES [NCNB & Purchasers] . . .

1. NCNB herewith agrees to pay the Prior Liens or hold the Customer harmless from the same.

. . .

5. Each Customer herewith assigns unto NCNB all of his right, claim and title and interest in and to its claim against the Dealer and its bonding company [Western Surety] arising out of the sale of the Vehicle with a prior encumbrance of record which the Dealer has not cleared and the Dealer's fail-

ure to deliver good title to the Customer. With respect to such assignment each Customer further

. . .

c. Agrees that by performing under paeragraph [sic] 1, NCNB is subrogated to all of Customer's claims arising out of the Prior Lien on the Vehicle against Dealer.

Therefore, pursuant to this express agreement, NCNB was subrogated to all the claims of the customers against the defendant. Thus, plaintiff's status as a volunteer is of no import because the debt of the purchasers was assigned to NCNB and was evidenced by an express agreement. *Publishing Co., supra.*

[2]   Finally, defendant contends that Truck City did not violate Article 12 of Chapter 20 of N.C.G.S. and that the bond is only liable for such violation. We disagree. In defendant's brief, it is admitted by defendant that the sale of used cars with outstanding liens is illegal, but it contends it is not a violation of the article which would give rise to liability on the bonds issued. Defendant further contends that the defrauding of a retail buyer is not made a violation of Article 12. This contention is without merit. In *Triplett, supra,* this Court ruled that G.S. 20-294 which sets out the grounds for which the State may suspend or revoke a (motor vehicle dealers') license "does not enlarge the coverage of G.S. 20-288(e) to any parties *other than a purchaser.*" (Emphasis added.) 45 N.C. App. at 99, 262 S.E. 2d at 376. In all the other cases dealing with interpretation of the term "purchaser," the parties were claiming the rights of purchasers indirectly. However, in the case *sub judice,* plaintiff is claiming directly through the actual purchasers of the automobiles. A dealer may lose his license for defrauding any person in the conduct of his business, and the bond required by G.S. 20-288(e) is a source of indemnity to purchasers only. *Triplett, supra.* The assignment of claims to NCNB placed them in the shoes of the purchasers. Under the facts of this case, defendant's act of selling used automobiles with outstanding liens was in violation of Article 12, Chapter 20 of N.C.G.S., thereby invoking the liability of the surety to pay on the bonds issued.

We hold that plaintiff as assignee of the rights, claims and title of the purchasers was subrogated to the claims of the pur-

chasers. As such, plaintiff was entitled to sue on the motor vehicle surety bonds issued to Truck City by defendant Western Surety in the amounts of $15,000, $5,000, and $5,000 respectively. Having concluded that NCNB is entitled to recover on the bonds issued by defendant, this Court in no way attempts to abrogate or dilute the intent of the legislature when they enacted this remedial statute, G.S. 20-288(e), in favor of purchasers. It is only by virtue of the direct relationship of the parties, i.e.—the assignment of all claims to NCNB by the purchasers—, that we come to this conclusion.

Therefore, the judgment of the trial court is

Affirmed.

Judges BECTON and PARKER concur.