PERKINS v. HELMS

[133 N.C. App. 620 (1999)]

———————————

ALBERT ODELL PERKINS, PLAINTIFF V. JULIAN C. HELMS, D/B/A AUTO GALLERY OF GASTONIA AND HARTFORD CASUALTY INSURANCE COMPANY, DEFENDANTS AND THIRD PARTY PLAINTIFFS V. TIMOTHY W. MELTON AND WILLIAM INGRAM, D/B/A SOUTHERN IMPORTS, THIRD PARTY DEFENDANTS V. JULIAN C. HELMS, D/B/A AUTO GALLERY OF CHARLOTTE; AND AUTO GALLERY OF CHARLOTTE, INC., ADDITIONAL THIRD PARTY DEFENDANTS

No. COA98-453

(Filed 15 June 1999)

1. **Appeal and Error— preservation of issues—assignment of error— not to order appealed from**

    Contentions concerning the denial of motions to intervene by other parties were not properly before the Court of Appeals where the notice of appeal was only from another order, which did not include findings or conclusions relating to the denial of the motion to intervene.

2. **Sureties— motor vehicle dealer bond—effective years**

    The trial court did not err in its calculation of the effective years of a motor vehicle dealer surety bond where, read in conjunction with the language of N.C.G.S. § 20-288, the wording of the bond indicates that the bond was effective for three license years with an aggregate limit of liability of $25,000 for each license year rather than a total aggreage liability of $25,000.

3. **Sureties— motor vehicle dealer bond—aggrieved purchaser under bond**

    The trial court correctly held that Ingram purchased a car from Helms and was entitled to recover under an appli-

cable surety bond issued by Hartford, where Ingram did in fact purchase the car from Helms, even though it had already contracted to resell the vehicle and did resell it immediately. N.C.G.S. § 20-288(e).

Appeal by defendant/third-party plaintiff, Hartford Casualty Insurance Company, from order entered 12 December 1997 by Judge Timothy L. Patti in Gaston County Superior Court. Heard in the Court of Appeals 17 February 1999.

*Corry, Cerwin & Luptak, by Todd R. Cerwin, for plaintiff-appellee.*

*DeVore Acton & Stafford, P.A., by William D. Acton, Jr., for third-party defendant-appellee William Ingram.*

*Hedrick, Eatman, Gardner & Kincheloe, L.L.P., by Paul C. Lawrence and Holly L. Saunders, for defendant/third-party plaintiff-appellant Hartford.*

HUNTER, Judge.

Briefly, the facts as stipulated to by the parties show that William Ingram d/b/a Southern Imports ("Ingram") contracted with Julian C. Helms d/b/a Auto Gallery of Charlotte ("Helms") on 18 March 1994 to purchase a 1993 Mercedes 500SEL for $63,500.00. Ingram immediately sold the car to an out-of-state dealer for $66,400.00. When it was discovered that the Mercedes was stolen, the out-of-state dealer filed a claim with its carrier for $57,000.00 and the carrier then settled its claim against Ingram for $40,000.00. Pursuant to N.C. Gen. Stat. § 20-288 (Supp. 1998), Ingram then filed a claim against Helms.

On 29 December 1994, Timothy W. Melton ("Melton") purchased a 1991 Mercedes 300E from Helms for $24,765.00 but was unable to obtain legal title due to an outstanding lien held by Chase Manhatten Bank. Eventually, Helms paid the lien but failed to perfect title for Melton and Melton filed suit for his costs in securing the license and title to the vehicle, paying the taxes on the vehicle and for his lost wages. Melton obtained a default judgment against Helms in the amount of $12,382.13, which included attorney fees and trebled damages.

On 25 July 1995, Albert Odell Perkins ("Perkins") purchased a 1993 Toyota 4Runner from Helms for $21,431.00. Before Perkins was

able to obtain legal title, it was learned that the vehicle was stolen and had an altered serial number. The North Carolina Department of Motor Vehicles ("DMV") seized the vehicle and Perkins obtained a default judgment against Helms in the amount of $16,731.00, which includes attorney fees and trebled damages. Hartford Casualty Insurance Company ("Hartford"), who had provided a motor vehicle surety bond for Helms pursuant to statutory requirements, was also a named defendant and responded timely by filing the third-party interpleader complaint seeking declaratory judgment on the surety bond at issue here. Melton and Ingram were named as third-party defendants.

On 14 January 1995, Kimberly Phillips ("Phillips") purchased a 1994 Mitsubishi Montero from Helms for $22,875.00. This vehicle was also determined to be stolen and was seized by DMV. Phillips and Allstate Insurance Company ("Allstate") attempted to intervene in the declaratory judgment action but the trial court denied their motion.

In an order dated 12 December 1997, the court found that Hartford's surety bond was effective for three separate license years and that Perkins, Melton and Ingram were entitled to recover $16,731.00, $2,930.50 and $25,000.00, respectively. Hartford appeals this ruling.

**[1]** In its first assignment of error, Hartford contends the trial court erred in its order filed 3 November 1997 denying the motion of Phillips and Allstate to intervene. However, this issue is not properly before this Court. Hartford filed notice of appeal to this Court only from the order entered by Judge Patti on 12 December 1997. Our review of the 12 December 1997 order reveals no findings of fact or conclusions of law relating to the denial of the motion by Phillips and Allstate to intervene in this action. As a result, we need not determine whether Hartford was an aggrieved party to the prior order and had standing to appeal on behalf of Phillips and Allstate, neither of whom appealed the denial of their motion to intervene. This argument is without merit.

**[2]** Next, Hartford argues that the trial court erred in its determination and calculation of the effective years of its motor vehicle dealer surety bond issued to Helms. The trial court found that the bond covered three separate license years and provided for an aggregate liability of $25,000.00 for each effective license year. Hartford contends this conclusion conflicts with the statute and the stipulations of the parties.

PERKINS v. HELMS

[133 N.C. App. 620 (1999)]

N.C. Gen. Stat. § 20-288 requires all motor vehicle dealers to be licensed by DMV prior to conducting business in this state. All licenses that are granted shall expire, unless sooner revoked or suspended, on 30 June of the year following the date of issue. Each licensee shall maintain a corporate surety bond in the amount of $25,000.00 conditioned on the basis that the licensee will faithfully conform to the provisions of Articles 12 (Motor Vehicle Dealers and Manufacturers Licensing Law) and 15 (Vehicle Mileage Act). Finally, N.C. Gen. Stat. § 20-288 provides that anyone who purchases a vehicle and who has suffered any loss or damage by any act of a licensee which violates Article 12 or 15 may seek to recover under this section against the licensee and the surety.

Hartford relies on a South Carolina case as authority for its position that its total aggregate liability under the surety bond is $25,000.00. *National Grange Mut. Ins. Co. v. Prioleau*, 269 S.C. 161, 236 S.E.2d 808 (1977). Believing as we do that the language of the bond is instrumental to our determination and having not seen the language of the bond in the South Carolina case, we cannot evaluate its significance. However, in the case *sub judice*, Helms obtained a corporate surety bond from Hartford, effective 5 January 1994, which provided that Hartford, as surety, will "indemnify any person who may be aggrieved by fraud, fraudulent representation or violation by said Principal . . . provided that the aggregate liability under this bond shall not exceed twenty-five Thousand Dollars ($25,000) **for each license year for which the bond is effective**." (Emphasis added). The bond was canceled by Hartford on 6 September 1995, effective 6 October 1995.

According to the statute, each license year expires on 30 June of the year following the date of issue. When read in conjunction with the language of the statute, the wording of the bond indicates that the bond was effective for three license years.

| 1st year | 5 January 1994 | 30 June 1994 |
| 2nd year | 1 July 1994 | 30 June 1995 |
| 3rd year | 1 July 1995 | 6 October 1995 |

The trial court correctly calculated that the surety bond provided by Hartford covered three separate license years. The plain language of the bond states that the aggregate limit of liability is $25,000.00 for each license year, not for all claims for all license years for which the bond was effective. This assignment of error is overruled.

**[3]** Finally, Hartford contends the trial court erred in determining that Ingram qualified as an aggrieved purchaser under the motor vehicle dealer surety bond, thus improperly entitling him to recover under the bond. Again, we disagree. N.C. Gen. Stat. § 20-288(e) (Supp. 1998) requires a motor vehicle dealer to post a bond in the principal sum of $25,000.00. The statute provides, in pertinent part, that "[a]*ny purchaser* of a motor vehicle who shall have suffered any loss or damage by any act of a license holder . . . shall have the right to institute an action to recover against the license holder and the surety." N.C. Gen. Stat. § 20-288(e) (emphasis added). "The two hurdles that need to be overcome within this statute are 1) the dealer's violation of either article 12 or article 15 of chapter 20 of the General Statutes of North Carolina and 2) the suffering of damages or losses by the consumer." *Tomlinson v. Camel City Motors*, 330 N.C. 76, 79, 408 S.E.2d 853, 855 (1991). In the case *sub judice*, Hartford does not argue that the dealer did not violate the statute or that damages were not incurred. Rather, Hartford, relying on several cases construing these sections, argues that Ingram does not qualify under the statute as a purchaser. *Taylor v. Johnson*, 84 N.C. App. 116, 351 S.E.2d 831 (1987); *Fink v. Stallings 601 Sales*, 64 N.C. App. 604, 307 S.E.2d 829 (1983); *Triplett v. James*, 45 N.C. App. 96, 262 S.E.2d 374, *disc. review denied*, 300 N.C. 202, 269 S.E.2d 621 (1980). We disagree.

"It is clear that only *purchasers* of motor vehicles may recover under a motor vehicle surety bond." *Fink*, 64 N.C. App. at 605, 307 S.E.2d at 831. "Furthermore, where words of a statute have not acquired a technical meaning, they must be construed in accordance with their common and ordinary meaning unless a different meaning is indicated." *Id.* "The common meaning of 'purchaser,' as defined in Webster's Third New International Dictionary (1968), is 'one that acquires property for a consideration (as of money).' " *Fink* at 605, 307 S.E.2d at 831. Although Ingram had already contracted to resell the vehicle in question prior to its purchase and did resell the vehicle immediately, we conclude that, pursuant to the sales contract executed on 18 March 1994, Ingram did in fact purchase the car from Helms for $63,500.00. As a purchaser, Ingram is entitled to recover under the surety bond.

The holdings in the cases cited by Hartford are readily distinguishable. In *Fink*, this Court held that the alleged purchaser held only a security interest in the motor home in question and never actually acquired the vehicle. In *Triplett*, the plaintiff was the seller and not the purchaser. The Court noted that "it is clear that G.S.

§ 20-288(e) grants only to *purchasers* the right to recover on the bond." *Triplett*, 45 N.C. App. at 99, 262 S.E.2d at 375. Finally, in *Taylor*, the plaintiff and defendant had entered into a joint venture agreement whereby the defendant borrowed money from a bank to buy cars and plaintiff guaranteed the loan payments. They repaired the cars, sold them and then split the profits. On one such deal, plaintiff loaned money to defendant to pay the bank loan and defendant gave plaintiff title to the car. When the car was discovered to be stolen, plaintiff sued to recover on defendant's motor vehicle dealer's bond. This Court affirmed the trial court's dismissal of the case because the parties were primarily joint venturers, not seller and purchaser. The two parties were "engaged in a short-term business deal for joint profit, with contributions of effort from each and risks taken by each. As a joint venturer, Taylor is not a purchaser 'under the ordinary meaning of the word' and therefore cannot recover on the bond secured to comply with G.S. 20-288." *Taylor*, 84 N.C. App. at 120, 351 S.E.2d at 834 (citation omitted). None of these factual situations are similar to the one before us.

The trial court correctly held that Ingram purchased the car from Helms and, thus, is entitled to recover under the applicable surety bond. This assignment of error is overruled.

Affirmed.

Judges TIMMONS-GOODSON and SMITH concur.