DORIS H. THRASHER v. JAMES P. THRASHER
No. 6928SC110

(Filed 28 May 1969)

1. Judgments § 16— collateral attack

A collateral attack is one in which a plaintiff is not entitled to the relief demanded in the complaint unless the judgment in another action is adjudicated invalid.

2. Constitutional Law § 26— full faith and credit to foreign judgment

Full faith and credit must be given to a judgment of a court of another state. U. S. Constitution, Art. IV, § 1.

3. Constitutional Law § 26; Judgments § 22— attack on foreign judgments

A judgment of a court of another state may be attacked in this State, but only upon the grounds of lack of jurisdiction, fraud in the procurement, or as being against public policy.

**4. Judgments § 22— attack on foreign judgments — presumption of jurisdiction**

When a judgment of a court of another state is challenged on the ground of jurisdiction, there is a presumption the court had jurisdiction until the contrary is shown.

**5. Judgments § 33— attack on foreign judgment — burden of proof**

The burden to overcome presumption of the validity of a foreign judgment rests upon the party attacking the judgment.

**6. Divorce and Alimony § 25;   Judgments § 22— attack on foreign decree of divorce — fraud**

Where femme plaintiff instituted a divorce action in another state and testified that she and her husband were residents of that state, and the defendant was served with process and was represented at the trial by counsel, plaintiff may not attack in this State the validity of the divorce decree on grounds that she was coerced by the defendant to perpetrate a fraud on the out-of-state court by swearing falsely as to her place of residence, and the decree is valid in this State under the full faith and credit clause of the United States Constitution.

**7. Judgments § 31— parties — standing to make attack on judgments**

The party at whose instance a judgment is rendered is not entitled, in a collateral proceeding, to contend that the judgment is invalid.

**8. Judgments § 27— attack on judgment — perjury — intrinsic fraud**

Perjury is intrinsic fraud and ordinarily is not ground for equitable relief against a judgment resulting from it.

APPEAL by defendant from *McLean, J.,* 7 October 1968 Session of Superior Court of BUNCOMBE County.

Plaintiff instituted this action alleging the parties to be husband and wife. She seeks to recover permanent alimony, alimony pendente lite, and counsel fees under the provisions of Chapter 50 of the General Statutes as amended. She also seeks the custody of the three children of the parties. Personal service of process was had upon the defendant on 13 July 1968 in which notice was given of a hearing on 22 July 1968 in the Superior Court of Buncombe County on plaintiff's motion for an award of alimony pendente lite and counsel fees. Defendant failed to appear and on 22 July 1968 Judge McLean entered an order awarding plaintiff alimony pendente lite in the sum of One Thousand Dollars per month for the support and maintenance of plaintiff and her three minor children. In addition the defendant was ordered to pay One Thousand Dollars for the use and benefit of plaintiff's attorney.

On 1 August 1968 defendant filed a motion in the cause to vacate the judgment awarding counsel fees, and alimony pendente

lite alleging among other things that the Superior Court of Buncombe County was without jurisdiction of the subject matter of this action for that "the plaintiff in this action on the 22nd day of June, 1965, obtained a divorce nisi against the defendant in Barnstable County, Massachusetts;

That on the 23rd day of January, 1966, the divorce became final and so remains;

That under said divorce decree, the Massachusetts court ordered the defendant to pay to the plaintiff for the support of herself and their minor children the amount of $600 per month;

That this defendant has paid to date the $600.00 per month so ordered by the court."

Hearing was had upon this motion on 9 September 1968 before Judge Froneberger who transferred the case, without objection, to Judge McLean.

"At the hearing before Judge P. C. Froneberger on September 9, 1968, the defendant, James P. Thrasher, submitted in evidence an authenticated copy of divorce proceedings in the case of 'Doris H. Thrasher vs. James P. Thrasher' entered in the Probate Court for the County of Barnstable, Commonwealth of Massachusetts, which was marked as Defendant's Exhibit I."

On 13 September 1968 plaintiff filed answer to defendant's motion to set aside and vacate the order awarding alimony pendente lite and counsel fees in which she alleges that the divorce decree appearing in the records of the Probate Court, Barnstable County, Commonwealth of Massachusetts is null and void.

At the hearing before Judge McLean on 3 October 1968 the court "requested additional evidence from the plaintiff." Thereupon the plaintiff offered herself as a witness and testified, after defendant had objected "to any testimony of Mrs. Thrasher that in any way serves to contradict the divorce proceedings. . . ."

Under date of 7 October 1968 Judge McLean made findings of fact, conclusions of law, and entered judgment as follows:

"THIS CAUSE coming on to be heard and being heard before the Honorable W. K. McLean, Judge presiding and holding the regular October Civil Term of the Superior Court for Buncombe County, North Carolina, upon the motion in the cause filed by the defendant on the 1st day of August, 1968, the plaintiff and her attorney of record, Richard B. Ford, and attorney of record for the defendant, J. M. Baley, being present and before the court; and

It appearing to the court from the record and evidence presented at the hearing, and the court finding facts and conclusions of law as follows:

1. That the plaintiff and defendant were married on the 31st day of May, 1952 in Scarsdale, New York and thereafter lived together as husband and wife in New Haven, Connecticut until the year 1953 when said parties moved to Cleveland, Ohio, where the defendant was employed by American Steel and Wire Division of U. S. Steel Company and thereafter continued to live as husband and wife in Cleveland, State of Ohio until on or about the year 1960 when said parties moved to Newport, Monmouthshire, England, where the husband was employed; (that said parties continued to live in England, the defendant until the present date and the plaintiff until the month of August, 1967, when she moved to the City of Asheville, Buncombe County, North Carolina and where she is presently resident;) that while in the State of Ohio the parties owned their home and voted in said state and that said parties have never become citizens of the United Kingdom of Great Britain.

2. That there were three children born to the marriage of the plaintiff and defendant, Deborah Anne Thrasher, born June 18, 1953 in New Haven, Connecticut, Linda Carol Thrasher, born April 5, 1955 in Cleveland, Ohio and Anne Elizabeth Thrasher born December 2, 1956 in Cleveland, Ohio.

3. That this action was commenced on the 12th day of July, 1968 by the issuing of a summons and that a duly verified complaint has been filed and both the summons and verified complaint personally served on the defendant and that order for defendant to appear before the court for the determination of alimony pendente lite and counsel fees was issued on the 16th day of July, 1968 and personally served on the defendant and that pursuant thereto Order for alimony pendente lite and counsel fees entered on the 22nd day of July, 1968.

4. That on or about the 22nd day of June, 1965 this plaintiff traveled from Newport, Monmouthshire, England to Barnstable County, Massachusetts for the sole purpose of participating in a proceeding in the court of Massachusetts for the procurement of a divorce from the defendant; that prior to the plaintiff's journey from Newport, Monmouthshire, England to Barnstable County, Massachusetts the defendant threatened plaintiff that unless she made said journey and participated in said divorce proceeding that he would withhold from her and the three

children of their marriage any payments for support and maintenance and that he would not provide them with the necessary funds with which to purchase a home and provide shelter for them, the plaintiff at that time having been served with notice to vacate the house in which she and the three children were living by July of 1965 by the former employer of the defendant, Richard, Thomas and Baldwin, said employer requiring possession of the house for an executive of the company; that at said time the plaintiff and her children were without any funds or means of support except those provided by the defendant, the plaintiff and her children having no relatives or friends in England who could come to her aid or assistance and the plaintiff being unable to find work in England for the reason that she was unable to procure a work permit from the British government, being a non-resident; that the plaintiff made said journey from Newport, Monmouthshire, England to Barnstable County, Massachusetts and entered into said divorce proceedings under the coercion, threat, intimidation and fraud of the defendant.

5. That the plaintiff was not represented by counsel in the State of Massachusetts in said proceeding for divorce and that the attorney, Paul Powers, whose name appears as attorney for Doris H. Thrasher in said Massachusetts proceeding, was hired and retained by the defendant or by the defendant's father, Mr. L. James Thrasher, and that said attorney was not in fact representing the interest of said plaintiff in said proceeding and that the plaintiff was without legal counsel and that in truth and in fact said attorney was representing the defendant in said proceeding.

6. That neither the plaintiff nor defendant in June of 1965, at the time of said Massachusetts divorce proceeding, was domiciled in or resident in the State of Massachusetts and that the Massachusetts court was without jurisdiction of the marital res of said parties and without authority or power to entertain said divorce proceeding.

7. That the testimony of the plaintiff and allegations contained in the record in said Massachusetts divorce proceeding with respect to residency and domicile were untrue and false and a fraud upon the court of Massachusetts and that said false testimony and allegations were brought about by the coercion, threats, intimidation and fraud of the defendant.

8. That said interlocutory decree of divorce entered by the Massachusetts court on June 22, 1965 and the final decree of

divorce entered on the 23rd day of December, 1965 in the action entitled Doris H. Thrasher, Libellant vs. James P. Thrasher, Libellee, are null and void ab initio and without force and effect.

9.   That this court has jurisdiction of the parties and the subject matter of this action, the marital res, and the power and authority to hear and adjudicate the cause.

Now, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

1.   That the interlocutory decree of June 22, 1965 and the final divorce decree of December 23, 1965 entered by the court of Massachusetts in the proceeding entitled 'Doris H. Thrasher, Libellant vs James P. Thrasher, Libellee' are null and void ab initio and without force and effect and not binding upon the courts of North Carolina.

2.   That the motion in the cause filed by the defendant on the 1st day of August, 1968 is dismissed and the defendant is allowed thirty (30) days until the 3rd day of November, 1968 within which to file answer to complaint of the plaintiff in this proceeding.

3.   That the order for alimony pendente lite and counsel fees entered in this cause on the 22nd day of July, 1968, is hereby reaffirmed and shall remain in full force and effect until the final determination of this cause."

The defendant objected, excepted, and assigned error to the findings of fact, the conclusions of law, the entry of the judgment, and appealed to the Court of Appeals.

*Richard B. Ford for plaintiff appellee.*

*McGuire, Baley & Wood by J. M. Baley, Jr., and Philip G. Carson for defendant appellant.*

MALLARD, C.J.

Plaintiff's complaint contains no reference to the divorce decree which she obtained from the defendant in Barnstable County, Massachusetts. In plaintiff's answer to defendant's motion to set aside and vacate the order awarding alimony pendente lite and counsel fees she alleges that the Massachusetts divorce decree is null and void because the Massachusetts court did not have jurisdiction of the parties, and that it was obtained "by connivance and coercion of the defendant and is a fraud upon the courts of Massachusetts."

[1]   Thus it develops that the plaintiff's cause of action is a col-

lateral attack in the Courts of North Carolina upon a divorce decree she, as plaintiff, obtained in Massachusetts. "A collateral attack is one in which a plaintiff is not entitled to the relief demanded in the complaint unless the judgment in another action is adjudicated invalid." 5 Strong, N.C. Index 2d, Judgments, § 16, p. 32. It is clear that in the case before us the plaintiff is not entitled to the alimony demanded unless the judgment in the Massachusetts divorce case is invalid. Unless the plaintiff is presently married to the defendant she is not entitled to alimony pendente lite.

[2]    Under the provisions of Art. IV, § 1 of the Constitution of the United States it is required that full faith and credit be given to a judgment of a court of another state. *Thomas v. Frosty Morn Meats*, 266 N.C. 523, 146 S.E. 2d 397.

[3]    However, a judgment of a court of another state may be attacked in North Carolina, but only upon the grounds of lack of jurisdiction, fraud in the procurement, or as being against public policy. 2 Strong, N.C. Index 2d, Constitutional Law, § 26, *In Re Blalock*, 233 N.C. 493, 64 S.E. 2d 848; *Howland v. Stitzer*, 231 N.C. 528, 58 S.E. 2d 104.

There is no issue raised in this case with respect to the divorce decree being against public policy.

[4, 5]    It is the law in North Carolina when a judgment of a court of another state is challenged on the grounds of jurisdiction that there is a presumption the court had jurisdiction until the contrary is shown. *Thomas v. Frosty Morn Meats, supra.* These is a presumption in favor of the validity of the judgment of a court of another state, and the burden to overcome such presumption rests upon the party attacking the judgment. 1 Lee, North Carolina Family Law 3d, § 92, p. 353.

In the case of *In re Biggers*, 228 N.C. 743, 47 S.E. 2d 32, which was an action relating to the custody of the children of a marriage that had ended in a divorce obtained in Florida, the court said:

"The petitioner, Mrs. Annie Bost Biggers, now Mrs. Bennick, having entered an appearance and filed answer in the suit instituted by her former husband, J. L. Biggers, in the State of Florida, she is bound by the judgment duly entered in that court in so far as it dissolved the marriage ties. Under the full faith and credit clause of the Constitution of the United States, Art. IV, sec. 1, the Florida divorce decree is valid here. *S. v. Williams*, 224 N.C. 183, 29 S.E. (2d), 744; *McRary v. McRary*, ante, 714; *Williams v. North Carolina*, 317 U.S. 287."

[6]   In the instant case the plaintiff here was libellant (plaintiff) in the Massachusetts divorce case. Defendant did not personally appear in the Massachusetts court but was served with process and was represented at the trial by counsel. Plaintiff personally appeared in Massachusetts and testified in court that she was a resident of Barnstable County, Massachusetts. The divorce decree requires the defendant to pay the plaintiff the sum of $600.00 on the first of each month for the support of the plaintiff and the children, "all until the further order of the court." The plaintiff testified that she had received such payments from the date of a separation agreement which the parties entered into in January 1965. The divorce decree became final on 23 December 1965. The payments she was receiving from the defendant at the time of the institution of this action amounted to $710.00 per month. The divorce decree and the separation agreement provide that the plaintiff herein has the custody of the children of the marriage and grants visitation rights to defendant. It was when defendant came to North Carolina to visit his children that process was served on him in this case. In July 1967 plaintiff and the defendant entered into another agreement supplementary to the one executed in January 1965. In this supplemental agreement she is referred to as "Ex-wife" and the defendant as "Ex-Husband." The fraud and coercion that plaintiff asserts was imposed on her by the defendant was that he told her he would not provide any support and he would not agree to advance the money to buy her a home in England unless she would obtain a divorce. And because of this at her husband's request she came to Massachusetts, participated in the divorce case, testified as a witness, and on her testimony was granted a divorce from the defendant. The defendant then . helped her to purchase a home in England by loaning her some money and taking a second mortgage on the property. She later sold her home in England and purchased a home in Asheville. The defendant again loaned her money and took a second mortgage on her home in Asheville as security for the loan. She is presently repaying this money to the defendant. She testified also that her father-in-law secured the services of the attorney who represented her in the divorce action.

Plaintiff contends, and the judge found that the plaintiff had given false testimony as to her residence in the Massachusetts trial. Plaintiff contends and the judge found that she was coerced by the defendant, and that because of such coercion, she perpetrated the fraud on the Massachusetts court by alleging and testifying that both of the parties were residents of Massachusetts.

In *Sherrer v. Sherrer*, 334 U.S. 343, 92 L. ed. 1429, the wife and husband lived in Massachusetts, and the wife went to Florida and

instituted a divorce suit there. The husband filed answer denying the allegations of the complaint, including that of domicil. At the trial the husband appeared and personally testified. The wife offered evidence as to her Florida residence and testified generally. After finding that the wife was a resident and that the court had jurisdiction of the parties and the subject matter a divorce decree was entered by the Florida court. Immediately after obtaining the divorce decree the wife married a man whom she had known in Massachusetts and about two months later returned to Massachusetts; thereafter the husband instituted a statutory action in Massachusetts for a declaration that he was justifiably living apart from his wife, alleging that the Florida divorce and the wife's subsequent marriage was invalid. The Massachusetts court held that the question of jurisdiction in the Florida court was open to litigation in Massachusetts. The United States Supreme Court allowed certiorari and held that since the husband had appeared and participated in the divorce proceeding without availing himself of the opportunity to raise the jurisdictional question, the Florida court's finding of jurisdiction was res judicata and entitled to full faith and credit in Massachusetts. This same doctrine is set out in the companion case of *Coe v. Coe,* 334 U.S. 378, 92 L. ed. 1451, in which the husband left Massachusetts and went to Nevada and there obtained a divorce.

In 1 Lee, North Carolina Family Law 3d, § 98, p. 379 it is stated that:

> "When both parties have appeared in the divorcing state and that state makes a judicial finding of domicile, the divorce granted is not subject to a collateral attack in the courts of any other state when the litigation is between the parties to the divorce proceeding. This is true although actually there may have been no domicile in the divorcing state. If the defendant appears and participates in the divorce proceeding, he has had his 'day in court.' He will not be permitted to retry an issue to a previously rendered divorce decree, whether the issue was contested or not. The principle of *res judicata* applies. If the question of jurisdiction is not susceptible of collateral attack after the litigation in the jurisdiction where the judgment was first rendered, it is not subject to collateral attack in another state by the spouses who appeared in the litigation. The full faith and credit clause of the Federal Constitution bars a collateral attack."

[6]    In the present case we hold that the plaintiff cannot attack in this manner the divorce proceeding in Massachusetts in which she

and the defendant both participated. The divorce proceeding was not ex parte. It was one instituted by plaintiff. She now says that the reason she instituted the action was because she needed financial help from the defendant. The plaintiff has had her day in the Massachusetts court.

**[7]**    In an annotation in 3 A.L.R. 535 the general rule is stated:

"The party at whose instance a judgment is rendered is not entitled, in a collateral proceeding, to contend that the judgment is invalid. Neither want of jurisdiction, defect of procedure, or any other ground of invalidity can be availed of collaterally, by the party who is responsible for the existence of the judgment."

In the case of *Varone v. Varone*, 359 F. 2d 769 (7th Cir. 1966) the court in quoting the Illinois rule said: " 'The rule may now be taken as established that the constitutional requirement of full faith and credit bars either party to a divorce from collaterally attacking the decree on jurisdictional grounds in the courts of a sister state, where the defendant participated in the divorce proceedings and was accorded full opportunity to contest the jurisdictional issues. . . .' "

**[6]**    Under the rule enunciated in *Sherrer v. Sherrer,* and *Coe v. Coe,* we are of the opinion and so hold that plaintiff, because of her participation in the Massachusetts divorce proceeding as the moving party, could not attack the validity of the divorce decree in Massachusetts on jurisdictional grounds. See also *Chittick v. Chittick,* 332 Mass. 554, 126 N.E. 2d 495.

**[6]**    We are also of the opinion and so hold that the North Car-Carolina courts must give full faith and credit to this decree of the Massachusetts court and that this bars the plaintiff from this collateral attack in North Carolina.

In the case of *Chapman v. Chapman,* 224 Mass. 427, 113 N.E. 359 it is said: "Where one party has invoked the jurisdiction of a court and the other party has voluntarily appeared and submitted thereto, it is not consonant with ordinary conceptions of justice to countenance an attempt at repudiation of that jurisdiction, especially when the attempt would involve the receiving of considerable sums of money without consideration, the confession of bigamy and the unsettlement of other domestic relations presumably entered upon in innocent reliance upon the jurisdiction of such court."

It is not consonant with our conception of justice to countenance this attempt by the plaintiff to maintain this action for alimony

solely on her testimony under oath, when a considerable sum of money is involved, in contradiction of her testimony, under oath, in Massachusetts, when according to her testimony a considerable sum of money was involved. In Massachusetts she swore she was a resident, because money was involved. In North Carolina she now swears she was not a resident in Massachusetts at that time, and one can only speculate as to whether her testimony has changed because money is again involved. There is no other evidence in this record to corroborate plaintiff's testimony that she perpetrated a fraud upon the Massachusetts court when she testified there that she was a resident.

The case of *Donnell v. Howell,* 257 N.C. 175, 125 S.E. 2d 448, is distinguishable from the case under consideration. In *Donnell* the plaintiff and defendant stipulated that they perpetrated a fraud upon the Alabama court in representing that plaintiff was a resident of Alabama when in truth and in fact they were both residents of Surry County, North Carolina, and in addition thereto the defendant did not participate either individually or by counsel in the Alabama trial. In the *Donnell* case the Supreme Court said:

> "In Re Biggers, 228 N.C. 743, 47 S.E. 2d 32, relied on by plaintiff is clearly distinguishable. In that case no gross fraud was perpetrated on the court in Florida, as was done on the Alabama court by stipulation of the parties here.

> The judgment of the able and experienced trial judge is correct and is affirmed, although his conclusion of law upon which he based it is on the wrong ground. He should have based his judgment upon a conclusion of law that the final divorce decree rendered by the Alabama court was null and void for lack of jurisdiction under the laws of the State of Alabama by reason of the stipulation the parties made before him to the effect *feme* petitioner and the respondent were residents of Surry County, North Carolina, when she instituted the divorce action in the circuit court in Alabama and when four days later that court entered its decree of final divorce, and that the parties by such stipulation admitted they perpetrated a gross fraud upon the Alabama court."

In the case before us there is no stipulation as to any fraud on the court in Massachusetts. The defendant through an attorney and the plaintiff personally and through an attorney participated in the divorce trial. The Massachusetts court had both parties before it and in an adversary proceeding decided the same issue of residence and jurisdiction that is now before the North Carolina court.

In the case before us the defendant has filed a motion for a new hearing on the grounds of newly discovered evidence. The newly discovered evidence is a certificate from the Town Clerk of Barnstable, Massachusetts, to the effect that "There is a memo in my file, under date of April 3, 1964, signed by one James P. Thrasher, stating his legal residence on 612 Main Street, Osterville, Mass. (Osterville being a village within the town of Barnstable)." This motion has merit and would be allowed were plaintiff able to maintain this action for alimony. In this connection it is noted that in the libel (complaint) which the plaintiff admits signing to institute the divorce proceeding in Massachusetts she alleged that the defendant was of Main Street, Barnstable (Osterville) in the county of Barnstable.

[8]     Plaintiff contends that she was coerced by the defendant to perpetrate a fraud on the Massachusetts court by swearing falsely as to her place of residence. Such an allegation, supported by her testimony that she did testify falsely, has been held not to constitute extrinsic fraud upon which a successful attack upon a judgment may be based. In North Carolina perjury is held to be intrinsic fraud and ordinarily is not ground for equitable relief against a judgment resulting from it. *Cody v. Hovey*, 216 N.C. 391, 5 S.E. 2d 165. *Horne v. Edwards*, 215 N.C. 622, 3 S.E. 2d 1. In *United States v. Throckmorton*, 98 U.S. 61, 25 L. ed. 93 the rule is stated that a party against whom a judgment has been rendered may be granted relief on the grounds of fraud provided the fraud practiced upon him prevented him from presenting all of his case to the court, but that a judgment will not be set aside on the grounds of perjured testimony or for any other matter that was presented and considered in the judgment under attack. Here plaintiff is attempting to set aside a judgment she obtained on the grounds that part of what she testified to in the Massachusetts court was false; this she cannot do.

We have considered all motions filed in this cause, they are denied, except those made which are consistent with this opinion.

For the reasons stated the motion to vacate the judgment awarding alimony pendente lite and counsel fees should have been allowed in the Superior Court. The judgment denying the motion to vacate is reversed.

Reversed.

BRITT and PARKER, JJ., concur.