FANNING MILES HEARON, BY HIS GUARDIAN AD LITEM, BAYLIES HEARON WILLEY
v. ANN SCOTT HEARON

No. 7929SC384

(Filed 18 December 1979)

**Insane Persons § 3; Rules of Civil Procedure § 25— substitution of general guardian—no collateral attack on competency hearing**

Defendant could not collaterally attack a competency hearing and appointment of a general guardian for plaintiff upon motion for substitution of the general guardian as the plaintiff in an action against defendant, and the trial court erred in denying the motion for substitution on the ground that plaintiff was denied due process at the competency hearing. Rules of Civil Procedure 17.

APPEAL by plaintiff from *Riddle, Judge*. Order entered 8 February 1979 in Superior Court, POLK COUNTY. Heard in the Court of Appeals 30 November 1979.

On 10 May 1978, Baylies Hearon Willey was appointed guardian ad litem for her father, Fanning Miles Hearon, to prosecute an action on his behalf against Ann Scott Hearon. The complaint in this action, filed 10 May 1978, alleges that by duress and undue influence Ann Scott Hearon obtained from Fanning Miles Hearon a purported deed conveying to her all his interest in their jointly-owned real estate, and that she has claimed sole ownership of their jointly-owned personal property.

Following a hearing at which Fanning Miles Hearon was adjudged incompetent, Sarah Bartlett Hearon Bondy was appointed his general guardian on 4 December 1978. On 22 January 1979 the guardian ad litem moved to have the general guardian substituted as plaintiff in the present action. Defendant opposed this motion, arguing that Fanning Miles Hearon was denied due process of law at the competency hearing, with the result that the general guardian was not validly appointed. The trial court, finding the facts to be as defendant argued, denied plaintiff's motion for substitution. Plaintiff appeals.

*Van Winkle, Buck, Wall, Starnes & Davis, by Roy W. Davis, Jr., for plaintiff appellant.*

*R. Stephen Camp, William C. Raper, and Daniel W. Donahue, for defendant appellee.*

ARNOLD, Judge.

Plaintiff correctly argues that it was improper for the trial judge to collaterally review the competency proceeding, and that the defendant had no standing to attack the determination of incompetency.

Defendant's argument that her opposition to plaintiff's motion for substitution was not a collateral attack upon the order appointing a general guardian is untenable. Black's Law Dictionary 327 (Rev. 4th ed. 1968) defines a collateral attack upon a judicial proceeding as "an attempt to avoid, defeat, or evade it, or deny its force and effect, in some incidental proceeding not provided by law for the express purpose of attacking it." It is clearly the defendant's intention here to avoid the substitution of the real party in interest, see G.S. 1A-1, Rule 17(a), the general guardian, G.S. 1A-1, Rule 17(b)(1), by attacking the validity of the proceeding in which the general guardian was appointed. This she cannot do. Just as a stranger to a proceeding may not attack the judgment in the proceeding directly, *Card v. Finch*, 142 N.C. 140 (1906), he may not bring a collateral attack upon the judgment. The same reasoning applies in both instances. "Persons who are not parties or privies and do not, upon the record, appear to be affected, will not be heard upon a motion to vacate a judgment. They have no status in Court. No wrong has been done them *by the Court*." *Id.* at 148-49 (emphasis in original). "If the parties and privies are content to permit a judgment to stand, considerations of sound public policy require that strangers to the record or intermeddlers who have no justiciable grievance to be righted should not be permitted to assail the judgment." *Shaver v. Shaver*, 248 N.C. 113, 102 S.E. 2d 791 (1958).

The order appointing Sarah Bartlett Hearon Bondy as general guardian is regular on its face, and no reason appears why the general guardian should not be substituted as plaintiff. *See* G.S. 1A-1, Rule 17(b)(1). The trial court's order denying plaintiff's motion for substitution is error, and accordingly is

Reversed.

Judges CLARK and ERWIN concur.