REGIONAL ACCEPTANCE CORP. v. OLD REPUBLIC SURETY CO.

[156 N.C. App. 680 (2003)]

REGIONAL ACCEPTANCE CORPORATION, PLAINTIFF v. OLD REPUBLIC SURETY COMPANY, INTERNATIONAL BUSINESS & MERCANTILE REASSURANCE COMPANY AND FORSYTH AUTO BROKERS, INC., DEFENDANTS

No. COA02-555

(Filed 18 March 2003)

**1. Judgments— collateral attack—subrogation order**

The trial court properly granted summary judgment against a surety bond issuer (International) which attempted to set aside a subrogation order to which it was not a party, which did not affect it, and which was not on appeal.

**2. Sureties— subrogation—purchaser of vehicle financing contract—entitlement to sue**

Plaintiff corporation which purchased a vehicle financing contract was entitled to sue upon a dealer's surety bond under N.C.G.S. § 20-288(e) due to a direct relationship with the person who bought the vehicle where a default judgment against the purchaser equitably subrogated plaintiff to the purchaser's rights arising out of his purchase of the vehicle.

Appeal by defendant from judgment entered 25 February 2002 and order entered 7 June 2001 by Judge W. Douglas Albright in Guilford County Superior Court. Heard in the Court of Appeals 29 January 2003.

*Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by Derek J. Allen, for plaintiff.*

*Moore & Van Allen, PLLC, by Kevin M. Capalbo, for defendant.*

TYSON, Judge.

Defendant International Business & Mercantile Reassurance Company ("International") appeals from the granting of summary judgment in favor of Regional Acceptance Corporation ("Regional") in the amount of $19,297.00 plus interest. We affirm.

## I. Background

On 16 September 1993, International issued a surety bond to Forsyth Auto Brokers, Inc. ("Forsyth") pursuant to N.C. Gen. Stat. § 20-288(e) (2001). On 2 February 1994, Regional and Forsyth entered into an agreement ("Agreement") for Regional to purchase vehicle

REGIONAL ACCEPTANCE CORP. v. OLD REPUBLIC SURETY CO.

[156 N.C. App. 680 (2003)]

financing contracts from Forsyth. The Agreement called for Forsyth to provide "a proper application for a certificate of title . . . showing a first lien in [Regional's] favor for the full amount due under the contract."

James and Robin Collins held a leasehold interest in a 1996 Ford Explorer ("Explorer"), owned by World Omni Financial Corporation ("World Omni"). Forsyth obtained the Explorer from the Collins but failed to satisfy the debt to World Omni to establish clear title to the vehicle. On 14 November 1997, Forsyth sold the Explorer to Roberto Gonzalez ("Gonzalez") for $8,500 down and a vehicle financing contract for $19,297. Forsyth failed to inform Gonzalez of World Omni's debt. Regional purchased the financing contract from Forsyth after Forsyth represented it held clear title to the Explorer. The North Carolina Department of Motor Vehicles showed World Omni's interest in the Explorer upon application for title by Regional.

Due to World Omni's interest in the Explorer, Gonzalez returned the Explorer to Collins. The Collins made the remainder of the payments required under the lease to World Omni until the lease expired in May of 1998. Neither Regional nor Gonzalez made any payments to World Omni.

Because he no longer had possession of the Explorer, Gonzalez defaulted on the payments to Regional under the financing contract. On 10 January 2000, Regional received a default judgment against Gonzalez in Forsyth County Case No. 99 CVS 4088. The default judgment included Regional's equitable subrogation to the rights of Gonzalez arising out of his purchase of the Explorer.

On 8 December 2000, Regional filed its amended complaint against International, Old Republic Surety Company, which administers claims for International, and Forsyth. Regional moved for and was granted partial summary judgment on the issue of liability on 7 June 2001. Regional moved for and was granted summary judgment as to damages against International on 25 February 2002. Regional voluntarily dismissed all claims against Old Republic. International appeals.

## II.  Issues

International contends the trial court erred in granting summary judgment because (1) plaintiff is not entitled to be equitably subrogated to the rights of Gonzalez and (2) plaintiff is not a "purchaser" under N.C. Gen. Stat. § 20-288(e).

### III. Subrogation

**[1]** International contends that plaintiff is not entitled to be equitably subrogated to the rights of Gonzalez. We disagree.

A collateral attack on a judicial proceeding is "an attempt to avoid, defeat, or evade it, or deny its force and effect, in some incidental proceeding not provided by law for the express purpose of attacking it." *Hearon v. Hearon*, 44 N.C. App. 361, 362, 261 S.E.2d 9, 10 (1979). North Carolina does not allow collateral attacks on judgments. *Id.* A person who is not a party to or in privity to a party and is not affected by a judgment has no status to seek to vacate a judgment. *Id.* (citing *Card v. Finch*, 142 N.C. 140, 148-49, 54 S.E. 1009, 1012 (1906)).

In a separate action in the Forsyth County Superior Court, Regional was subrogated to the rights of Gonzalez. International is seeking to overturn that order of subrogation and asserts that Regional may not sue on behalf of Gonzalez. International has not been adversely affected by the subrogation. "[T]he party for whose benefit the doctrine of subrogation is invoked and exercised can acquire no greater rights than those of the party for whom he is substituted, and if the latter had not a right of recovery the former can acquire none." *Liles v. Rogers*, 113 N.C. 197, 201, 18 S.E. 104, 106 (1893). Any defenses which International may have against Gonzalez could be asserted against Regional.

International cannot attempt to set aside a valid order of the trial court to which it was not a party, which did not affect it, and which is not on appeal to this Court. We hold that International may not attempt to set aside the order of subrogation.

### IV. "Purchaser" under N.C. Gen. Stat. § 20-288(e)

**[2]** International contends that Regional is not a "purchaser" as required by N.C. Gen. Stat. § 20-288(e) (2001) and therefore not subject to the surety bond. We disagree.

International issued the surety bond required by statute for Forsyth to operate as a motor vehicle dealer. N.C. Gen. Stat. § 20-288 states in part:

Any *purchaser* of a motor vehicle, including a motor vehicle dealer, who shall have suffered any loss or damage by the failure

REGIONAL ACCEPTANCE CORP. v. OLD REPUBLIC SURETY CO.

[156 N.C. App. 680 (2003)]

of any license holder subject to this subsection to deliver free and clear title to any vehicle purchased from a license holder or any other act of a license holder subject to this subsection that constitutes a violation of this Article or Article 15 of this Chapter shall have the right to institute an action to recover against the license holder and the surety.

N.C. Gen. Stat. § 20-288(e) (emphasis supplied). This Court limited application of this statute to purchasers and those who claim directly through the actual purchaser. In *NCNB v. Western Surety Co.*, 88 N.C. App. 705, 364 S.E.2d 675 (1988), the purchaser of a vehicle assigned all of his rights to NCNB who subsequently sued the surety company under this statute. This Court held that where a bank is subrogated to the claims of the purchaser, it is entitled to sue on the motor vehicle surety bonds. *Id.* The Court expressly noted that it was the direct relationship between the bank and the purchaser that allowed the bank to step into the shoes of the purchaser and recover under the statute. *Id.*

As in *NCNB*, Regional stepped into the shoes of the purchaser, Gonzalez, through the subrogation order. We hold that Regional was entitled to sue under the surety bond, due to the direct relationship between Gonzalez and Regional.

## V.  Conclusion

International may not collaterally attack the prior judgment which subrogated Regional to the rights of Gonzalez. Because of its subrogation to Gonzalez's rights, Regional is entitled to sue on the surety bond under N.C. Gen. Stat. § 20-288(e). The trial court did not err in granting summary judgment in favor of Regional.

Affirmed.

Judges TIMMONS-GOODSON and LEVINSON concur.