THEAOSEUS T. CLAYTON, JR., PLAINTIFF v. THE NORTH CAROLINA STATE BAR, DEFENDANT

No. COA04-863

(Filed 1 March 2005)

**1. Attorneys— disbarment—subsequent collateral attack**

Plaintiff's 2003 complaint challenging his 1998 disbarment was a collateral attack upon a final judgment and was properly dismissed.

**2. Attorneys— disbarment—State Bar—court of competent jurisdiction—collateral attack**

Plaintiff's 2003 challenge to his 1998 disbarment was properly dismissed even though plaintiff argued that the State Bar is not a court of competent jurisdiction and that he should be allowed to seek relief on his constitutional arguments in superior court. The North Carolina State Bar had authority to discipline plaintiff for his violations of the Rules of Professional Conduct and plaintiff had a right of appeal to the Court of Appeals, of which he did not avail himself. His claims are a collateral attack upon a final judg-ment properly entered.

**3. Attorneys— disbarment—subsequent case not retroactive**

Even assuming plaintiff's 2003 challenge to his 1998 disbar-ment is factually similar to *N.C. State Bar v. Talford*, 356 N.C. 626, nothing in that opinion indicates that it is retroactive.

Appeal by plaintiff from an order entered 31 March 2004 by Judge James C. Spencer, Jr. in Wake County Superior Court. Heard in the Court of Appeals 2 February 2005.

*Irving Joyner for plaintiff-appellant.*

*Deputy Counsel A. Root Edmonson for defendant-appellee.*

HUNTER, Judge.

Theaoseus T. Clayton, Jr. ("plaintiff") appeals the dismissal of his complaint against the North Carolina State Bar pursuant to N.C.R. Civ. P. 12(b)(1). Plaintiff also contends the trial court erroneously denied his motion for a restraining order. After careful review, we conclude the trial court properly dismissed plaintiff's complaint.

Plaintiff became licensed to practice law in North Carolina in February 1987, however, in February 1998, plaintiff was disbarred. The Disciplinary Hearing Commission of the North Carolina State Bar found and concluded plaintiff had violated several rules of professional conduct regarding the handling of client funds and a trust account, and had failed to adequately supervise an employee that had embezzled client funds. Plaintiff did not appeal his disbarment.

On 5 August 2003, plaintiff filed a complaint against the North Carolina State Bar. In the complaint, plaintiff alleged the disciplinary hearing committee's decision was contrary to the decision by our Supreme Court in *N.C. State Bar v. Talford*, 356 N.C. 626, 576 S.E.2d 305 (2003), which was decided five years after plaintiff was disbarred. In the complaint, plaintiff alleged the decision to disbar plaintiff was illegal, arbitrary, capricious, and deprived him of Due Process Protections guaranteed under the United States and North Carolina Constitutions. Plaintiff also alleged the disciplinary hearing committee failed to find that the sanction of disbarment was the only one available to correct the plaintiff's conduct, to protect his clients, the legal profession, or the public. Plaintiff also filed simultaneously with the complaint a motion for a temporary restraining order and preliminary injunction. The motion was denied on 14 August 2003.

The North Carolina State Bar moved to dismiss pursuant to N.C.R. Civ. P. 12(b)(1) on the grounds that the trial court lacked subject matter jurisdiction. The trial court granted the motion to dismiss on 24 March 2004. Plaintiff appeals.

**[1]** Plaintiff first contends the trial court had subject matter jurisdiction over this action, and therefore the trial court erroneously dismissed his complaint. Specifically, plaintiff contends the superior court has subject matter jurisdiction to hear declaratory judgment actions that present constitutional issues and seek injunctive relief. Pursuant to N.C. Gen. Stat. § 7A-245, the superior court is the proper division in which civil actions seeking declaratory or injunctive relief or the enforcement of constitutional rights should be filed. However, in this case, the issue is not whether the superior court can hear this type of lawsuit, the issue is whether plaintiff is permitted to bring this claim on the particular facts of this case.

Plaintiff's civil complaint is a collateral attack upon the order of discipline imposed against plaintiff in 1998. " 'A collateral attack is one in which a plaintiff is not entitled to the relief demanded in the complaint unless the judgment in another action is adjudicated invalid.' " *Thrasher v. Thrasher*, 4 N.C. App. 534, 540, 167 S.E.2d 549, 553 (1969) (citation omitted). "A collateral attack on a judicial proceeding is 'an attempt to avoid, defeat, or evade it, or deny its force and effect, in some incidental proceeding not provided by law for the express purpose of attacking it.' " *Regional Acceptance Corp. v. Old Republic Surety Co.*, 156 N.C. App. 680, 682, 577 S.E.2d 391, 392 (2003) (citation omitted). "North Carolina does not allow collateral attacks on judgments." *Id.* As plaintiff did not appeal the February 1998 order of discipline which ordered his disbarment, it became a final order not subject to collateral attack. *See CBP Resources, Inc. v. Mountaire Farms of N.C., Inc.*, 134 N.C. App. 169, 171, 517 S.E.2d 151, 154 (1999) (citation omitted) (stating " '[a] final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court' ").

**[2]** Plaintiff also argues he should be allowed to seek declaratory and injunctive relief on his constitutional arguments in superior court because the North Carolina State Bar is not a court of competent jurisdiction. Plaintiff's argument obscures the fact that he is not allowed to present his claims in superior court because his claims are a collateral attack upon a final judgment properly entered by the North Carolina State Bar. Under N.C. Gen. Stat. § 84-28(a) (2003), "[a]ny attorney admitted to practice law in this State is subject to the disciplinary jurisdiction of the [Council of the North Carolina State Bar] under such rules and procedures as the Council shall adopt . . . ." If an attorney is disciplined, "[t]here shall be an appeal of right from any final order imposing admonition, reprimand, censure,

suspension, stayed suspension, or disbarment upon an attorney . . . to the North Carolina Court of Appeals." N.C. Gen. Stat. § 84-28(h). Thus, the North Carolina State Bar had authority to discipline plaintiff for his violations of the Rules of Professional Conduct, and plaintiff had a right of appeal to this Court, of which he did not avail himself.

[3] Essentially, plaintiff seeks review of his disbarment in light of our Supreme Court's 2003 opinion in *N.C. State Bar v. Talford*, 356 N.C. 626, 576 S.E.2d 305. In *Talford*, the Supreme Court of North Carolina held that "in order to impose a more severe sanction under [N.C. Gen. Stat. § 84-28(c)]—censure, suspension, or disbarment—an attorney's misconduct must include attending circumstances that demonstrate: (1) a risk of *significant* potential harm, and (2) that the chosen sanction is necessary in order to protect the public." *Id.* at 641, 576 S.E.2d at 315. In *Talford*, because the disciplinary hearing committee's order "fail[ed] to provide either pertinent findings of fact or conclusions of law that address[ed] the statutory factors affecting its choice of discipline, its sanction-related findings and conclusions [could not] serve as adequate support for its decision to disbar [the] defendant." *Id.* at 642, 576 S.E.2d at 315. The discipline-related findings of fact and conclusions of law must "address . . . why the sanction of disbarment is required in order to provide protection of the public." *Id.* at 641, 576 S.E.2d at 315.

Plaintiff argues the situation in *Talford* is similar to his case. In *Talford*, our Supreme Court indicated the

> pertinent facts [were] (1) defendant was investigated by the DHC for allegedly mismanaging his client trust accounts; (2) the DHC, after conducting a hearing, found that the evidence presented showed that defendant had indeed mismanaged those accounts by "fail[ing] to maintain proper trust records," "fail[ing] to preserve funds in a fiduciary capacity," failing to make timely deposits and dispersals of client funds, and "commingl[ing] client and personal funds"; and (3) there was no evidence presented that demonstrated or even intimated that any client or creditor of defendant had suffered economic losses as a consequence of defendant's recalcitrant bookkeeping practices.

*Id.* at 635, 576 S.E.2d at 311. Even assuming plaintiff's case is factually similar to *Talford*, nothing in the *Talford* opinion indicates it is retroactive to cases finalized prior to the decision in *Talford*.

IN RE J.L.S.

[168 N.C. App. 721 (2005)]

·Accordingly, we conclude the trial court properly dismissed plaintiff's complaint against the North Carolina State Bar. As we have concluded plaintiff's lawsuit was properly dismissed, we do not reach his remaining issue.

Affirmed.

Judges CALABRIA and JACKSON concur.