IN RE PETITION FOR REINSTATEMENT OF McGEE

[217 N.C. App. 325 (2011)]

━━━━━━━

IN RE: PETITION FOR REINSTATEMENT OF MICHAEL H. McGEE, PETITIONER

No. COA11-471

(Filed 6 December 2011)

**Attorneys—discipline—suspension of license—petition to reinstate denied—collateral attack**

The Disciplinary Hearing Commission of the North Carolina State Bar (Bar) correctly denied petitioner's motion to amend the records of the Bar to state that his law license had been reinstated and to strike portions of the Bar's record reflecting otherwise. Petitioner did not file a proper petition for reinstatement; further, a prior order refusing reinstatement became final when petitioner did not timely appeal and may not be collaterally attacked.

Appeal by petitioner from order entered 3 February 2011 by the Disciplinary Hearing Commission of the North Carolina State Bar. Heard in the Court of Appeals 12 October 2011.

*Michael H. McGee, pro se.*

*North Carolina State Bar, by Deputy Counsel David R. Johnson and Counsel Katherine Jean, for respondent-appellee.*

ERVIN, Judge.

Petitioner Michael H. McGee appeals from an order denying his motion to amend the records of the North Carolina State Bar to state that his law license had been reinstated and to strike portions of the North Carolina State Bar's record reflecting otherwise. On appeal, Petitioner argues that the Disciplinary Hearing Commission was required, as a matter of law, to reinstate his law license at the end of his five year period of suspension and should, for that reason, amend

the applicable North Carolina State Bar records by removing from public view any documents that are inconsistent with that determination. After carefully reviewing Petitioner's challenges to the DHC's order in light of the record and the applicable law, we conclude that the DHC did not err by denying Petitioner's motion.

## I.  Factual and Procedural Background

Petitioner, "a 1971 graduate of the University of North Carolina School of Law, was admitted to the North Carolina Bar and practiced law in North Carolina until his suspension on 1 October 2004. . . . [As justification for that action, t]he DHC concluded that [Petitioner had] engaged in criminal acts that adversely reflect[ed] on his honesty, trustworthiness, or fitness as a lawyer . . . and entered an Order of Discipline suspending [him] from the practice of law for five years. . . . [Petitioner] did not appeal the decision of the DHC. Instead, [he] filed suit against the North Carolina Bar and individually against various persons involved in his multiple disciplinary hearings[.] . . . The suit was dismissed . . . for failure to state a claim upon which relief could be granted. . . . [I]n November 2007, [Petitioner] petitioned for a stay of suspension as well as the removal of his two orders of discipline from the public record. Following an evidentiary hearing held in February 2008, the DHC concluded that [Petitioner] did not meet his burden of showing that a stay of suspension was warranted and issued an order denying reinstatement in March 2008. . . . The DHC also denied [Petitioner's] petition to remove his past orders of discipline from the public record. [Petitioner's] subsequent motion for a new trial, alleging retaliation against him for his prior federal lawsuit and various other errors with the DHC's decision, was also denied. [Petitioner] appealed the DHC's decision to this Court in April 2008." *N.C. State Bar v. McGee,* 197 N.C. App 231, 676 S.E.2d 668, *appeal dismissed,*___ N.C. ___, 683 S.E.2d 215 (2009) (unpublished) (*McGee I*). In *McGee I*, we held that Petitioner's failure to note an appeal from the DHC's disciplinary order precluded him from raising issues that should properly have been asserted in such an appeal by means of a subsequent motion, that his failure to appeal the two earlier orders of discipline also barred him from attempting to have the relevant orders stricken from the record, and that Petitioner's remaining arguments were devoid of merit.

On appeal, Petitioner admits that, "[a]t the conclusion of his five-year period of suspension, [he] . . . filed a petition for reinstatement. The [North Carolina State] Bar denied reinstatement in a published

decision dated February 11, 2010." Petitioner did not appeal the denial of his reinstatement petition. Instead, on 17 November 2010, Petitioner filed a motion asking the DHC to "[a]mend the records of the NC State Bar to restore the petitioner's license to practice law, effective retroactively to a date five years to the day from the date of his suspension," and to "[s]trike from the public records of the NC State Bar . . . all documents and records showing or finding that the petitioner was or had been denied the restoration of his license to practice law at any time after a date five years from the date of his suspension[.]" On 1 February 2011, the DHC conducted a hearing, consisting of a telephone conference call, for the purpose of addressing Petitioner's motion. On 3 February 2011, the DHC entered an order denying Petitioner's motion and concluding, in pertinent part, that

> Petitioner has not filed a proper petition for reinstatement[.] . . . Instead, Petitioner is seeking an Order directing his reinstatement without his first satisfying the conditions precedent as required in the Order of Discipline entered by the DHC. In addition, Petitioner is seeking an Order requiring the North Carolina State Bar to change its public records to reflect reinstatement effective at the end of the fifth year of his suspension.
>
> . . . A lawyer seeking reinstatement from a suspension that contains conditions precedent must satisfy those conditions even if reinstatement is sought more than five years after the effective date of the suspension.
>
> . . . .
>
> The [DHC] has no authority to direct the State Bar to strike any document or record from the public records of the State Bar relating to the denial of petitioner's reinstatement to the practice of law. . . .

Petitioner noted an appeal to this Court from the DHC's order.

## II. Legal Analysis

### A. Final Order

The North Carolina State Bar is an agency of the State of North Carolina. N.C. Gen. Stat. § 84-15. N.C. Gen. Stat. § 84-28.1(b) provides that the DHC "may hold hearings in discipline, incapacity and disability matters, make findings of fact and conclusions of law after these hearings, [and] enter orders necessary to carry out the duties delegated to it by the Council. . ." According to N.C. Gen. Stat. § 84-28(h),

appeals from disciplinary orders entered by the DHC are subject to the same procedures that govern appeals in civil cases:

> There shall be an appeal of right by either party from any final order of the Disciplinary Hearing Commission to the North Carolina Court of Appeals. Review by the appellate division shall be upon matters of law or legal inference. The procedures governing any appeal shall be as provided by statute or court rule for appeals in civil cases. . . .

N.C.R. App. P. 18(b)(2) provides that appeals from administrative agencies, such as the North Carolina State Bar, must be filed within thirty days after receipt of the final agency decision. As a result, upon denial of a petition for the reinstatement of a suspended law license, the petitioner must note an appeal from the underlying order within thirty days. In the absence of such an appeal, the order denying reinstatement becomes final. *See Thomas M. McInnis & Associates, Inc. v. Hall*, 318 N.C. 421, 434, 349 S.E.2d 552, 560 (1986) (noting that "[p]laintiff did not appeal the adverse determination," causing "the judgment [to] bec[o]me final"), and *Clayton v. N.C. State Bar*, 168 N.C. App. 717, 719, 608 S.E.2d 821, 822 (holding that, since "plaintiff did not appeal the . . . order of discipline which ordered his disbarment, it became a final order"), *cert. denied*, 359 N.C. 629, 615 S.E.2d 867 (2005) (citing *CBP Resources, Inc. v. Mountaire Farms of N.C., Inc.*, 134 N.C. App. 169, 171, 517 S.E.2d 151, 154 (1999)).

### B.  Collateral Attack on a Final Order

"A collateral attack is one in which a plaintiff is not entitled to the relief demanded in the complaint unless the judgment in another action is adjudicated invalid." *Thrasher v. Thrasher*, 4 N.C. App. 534, 540, 167 S.E.2d 549, 553 (1969) (citation omitted). "A collateral attack on a judicial proceeding is 'an attempt to avoid, defeat, or evade it, or deny its force and effect, in some incidental proceeding not provided by law for the express purpose of attacking it.' " *Regional Acceptance Corp. v. Old Republic Surety Co.*, 156 N.C. App. 680, 682, 577 S.E.2d 391, 392 (2003) (quoting *Hearon v. Hearon*, 44 N.C. App. 361, 362, 261 S.E.2d 9, 10 (1979)).

A final order is generally not subject to collateral attack. "If the court had jurisdiction of the subject-matter and the parties, it is altogether immaterial how grossly irregular or manifestly erroneous its proceedings may have been; its final order cannot be regarded as a nullity, and cannot, therefore, be collaterally impeached." *Starnes v. Thompson*, 173 N.C. 466, 469, 92 S.E. 259, 260 (1917) (citation omit-

**IN RE PETITION FOR REINSTATEMENT OF McGEE**

[217 N.C. App. 325 (2011)]

ted). The prohibition against collateral attacks on a final judgment is applicable to a petitioner's failure to appeal a DHC order. *See, e.g.,* *McGee I* (stating that the petitioner's "failure to appeal the payment of cost requirement following entry of the order of discipline forecloses our review of the condition's reasonableness now," given that, "[w]hen a party fails to appeal a ruling on a particular issue, he is then bound by that failure and may not revisit the issue in subsequent litigation") (citing *McCallum v. N.C. Coop. Extension Serv.,* 142 N.C. App. 48, 51, 542 S.E.2d 227, 231, *disc. review denied,* 353 N.C. 452, 548 S.E.2d 527 (2001)), and *N.C. State Bar v. Wood,* ___ N.C. App ___, ___, 705 S.E.2d 782, 786 (2011) (holding that, since the defendant "never appealed the . . . order of discipline," he "cannot now challenge the findings of fact and conclusions of law contained in [this] order[ ]").

### C. Petitioner's Motion

In denying Petitioner's motion, the DHC noted that "Petitioner [had] not filed a proper petition for reinstatement." We agree.

According to N.C. Gen. Stat. § 84-23(a):

. . . [The N.C. State Bar shall] formulate and adopt rules of professional ethics and conduct; investigate and prosecute matters of professional misconduct; grant or deny petitions for reinstatement; . . . and formulate and adopt procedures for accomplishing these purposes.

Acting pursuant to its rulemaking authority, the State Bar has adopted 27 N.C.A.C. § 01B.0125(b), which sets out a detailed procedure for obtaining reinstatement of a suspended attorney's law license and provides, in pertinent part, that:

(1) No attorney who has been suspended may have his or her license restored but upon order of the commission or the secretary after the filing of a verified petition as provided herein

. . . .

(3) Any suspended attorney seeking reinstatement must file a verified petition[.] . . . The petitioner will have the burden of proving the following by clear, cogent and convincing evidence:

(A) compliance with Rule .0124 of this subchapter;

(B) compliance with all applicable orders of the commission and the council;

(C) abstention from the unauthorized practice of law during the period of suspension;

. . . .

(E) abstention from conduct during the period of suspension constituting grounds for discipline under [N.C. Gen. Stat. §] 84-28(b);

. . . .

(J) payment of all membership fees, Client Security Fund assessments and late fees due and owing to the North Carolina State Bar[.]

. . . .

(7) . . . [A] hearing will be conducted in accordance with the North Carolina Rules of Civil Procedure for nonjury trials insofar as possible and the rules of evidence applicable in superior court.

(8) The hearing panel will determine whether the petitioner's license should be reinstated and enter an appropriate order which may include additional sanctions in the event violations of the petitioner's order of suspension are found . . . [and which] must include . . . findings of fact and conclusions of law in support of its decision[.]

As a result, in order to obtain the reinstatement of his license to practice law, Petitioner was required to petition for such relief in the form and subject to the substantive rules set out in 27 N.C.A.C. § 01B.0125(b) and was not entitled to attempt to short-circuit these requirements through the use of some other procedural device.

As the record clearly reflects, Petitioner's motion completely fails to address any of the substantive criteria that must be satisfied in order to obtain the reinstatement of a license to practice law, the reasons that led to the suspension of Petitioner's law license, or Petitioner's present fitness to practice law. Given that set of circumstances, Petitioner has failed to request reinstatement of his license to practice law in the manner required by 27 N.C.A.C. § 01B.0125(b). As a result, the DHC correctly determined that Petitioner's motion was not a petition for reinstatement, so that he had not properly sought restoration of his license to practice law.

Aside from the procedural and substantive deficiencies inherent in the approach embodied in Petitioner's motion, his motion also represents an impermissible collateral attack on the DHC's order refus-

IN RE PETITION FOR REINSTATEMENT OF McGEE

[217 N.C. App. 325 (2011)]

ing to reinstate Petitioner's law license. As we have already noted, Petitioner unsuccessfully sought restoration of his law license approximately one year before filing the motion that is at issue in this case. When Petitioner failed to seek appellate review of the denial of his reinstatement petition in a timely manner, the order refusing to reinstate his license to practice law became final and thus is insulated from collateral attack. *Clayton*, 168 N.C. App. at 719, 608 S.E.2d at 822. The motion that led to the entry of the DHC order that is before us in this case requests the DHC to "correct the record" by "amend[ing] the records" of the N.C. State Bar to reflect that Petitioner's license to practice law had been restored and to "strike from the public records" all indications that his license to practice law remained suspended after the expiration of the five year suspension period. As justification for the requested relief, Plaintiff asserts that, as a matter of law, the DHC was prohibited from attaching any conditions to the restoration of his law license at the end of his five year period of suspension. The argument advanced in Petitioner's motion could and should have been made at the time that Petitioner sought reinstatement of his law license or in the course of an appeal taken from the denial of his reinstatement petition. As a result, Petitioner's motion is also an impermissible collateral attack on the denial of his reinstatement petition. *See Wood*, ___ N.C. App at ___, 705 S.E.2d at 786 (stating that "Defendant failed to timely appeal the 6 August 2007 order of the DHC, and this order is not properly before this Court"). Thus, for the reasons set forth above, the DHC's order denying Petitioner's motion should be, and hereby is, affirmed.

AFFIRMED.

Judges STEELMAN and McCULLOUGH concur.