An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-961
NORTH CAROLINA COURT OF APPEALS

Filed: 1 April 2014

IN THE MATTER OF:

J.T.M.

Mecklenburg County
No. 10 JB 694

Appeal by juvenile from order entered 28 March 2013 by Judge Elizabeth T. Trosch in Mecklenburg County District Court. Heard in the Court of Appeals 7 January 2014.

*Attorney General Roy Cooper, by Special Deputy Attorney General Michael T. Wood, for the State.*

*Richard Croutharmel for appellant-juvenile.*

HUNTER, Robert C., Judge.

Juvenile J.T.M. ("appellant") appeals from an order entered 28 March 2013 ("the March 2013 order") committing him to placement in a youth development center for an indefinite period not to exceed his 18th birthday. On appeal, appellant argues that the March 2013 order should be vacated because the previous order from which probation was imposed exceeded statutory authority. After careful review, we dismiss the appeal as an

impermissible collateral attack on the trial court's previous order.

## Background

Appellant was first adjudicated delinquent and placed on twelve months of juvenile probation ("the first probation") by order entered 14 April 2011 after appellant admitted to committing the offenses of common law robbery with a dangerous weapon, resisting, delaying, and obstructing a police officer, and simple possession of marijuana. On 2 February 2012, appellant again appeared before the trial court, this time on the State's motion for review of a probation violation and additional charges of misdemeanor larceny and resist, delaying, and obstructing an officer. At this hearing, appellant admitted to one count of misdemeanor larceny and one count of injury to real property; the State voluntarily withdrew its motion for review of a probation violation. Based on these admissions, the trial court entered an order on 7 February 2012 ("the 2012 disposition order"), requiring that appellant's probation be extended twelve months from 14 April 2012, the day that the first probationary period was set to expire, until 14 April 2013 ("the second probation").

On 19 March 2013, appellant appeared again before the trial court on the State's motion for review of a violation of the second probation. The trial court found appellant to be in violation of the second probation by missing 22 days of school. Based on this violation, the trial court committed appellant to placement in a youth development center for an indefinite commitment not to exceed his 18th birthday. Appellant filed timely notice of appeal from the March 2013 order.

## Discussion

### I. Grounds for Appeal

Appellant's sole argument on appeal is that the trial court lacked statutory authority to extend the first probation an additional twelve months without first conducting a hearing on a motion for review of a probation violation. Thus, because the March 2013 order was premised on violation of the allegedly erroneous 2012 disposition order, the March 2013 order should be vacated. We dismiss this argument as an impermissible collateral attack on the 2012 disposition order.

A collateral attack is one in which a party is not entitled to the relief requested "unless the judgment in another action is adjudicated invalid." *Clayton v. N.C. State Bar*, 168 N.C. App. 717, 719, 608 S.E.2d 821, 822 (2005) (citation and

quotation marks omitted). "A collateral attack on a judicial proceeding is an attempt to avoid, defeat, or evade it, or deny its force and effect, in some incidental proceeding not provided by law for the express purpose of attacking it." *Reg'l Acceptance Corp. v. Old Republic Sur. Co.*, 156 N.C. App. 680, 682, 577 S.E.2d 391, 392 (2003) (citation and quotation marks omitted). Collateral attacks generally are not permitted under North Carolina law. *Pinewood Homes, Inc. v. Harris*, 184 N.C. App. 597, 601, 646 S.E.2d 826, 830 (2007). "[I]n the criminal context, our appellate courts have held that a defendant, who was placed on probation, cannot in a probation revocation hearing attack the sentence imposed in the original proceeding when the defendant did not appeal that sentence." *In re Webber*, 201 N.C. App. 212, 219, 689 S.E.2d 468, 474 (2009); see *also State v. Holmes*, 361 N.C. 410, 413, 646 S.E.2d 353, 355 (2007) ("Defendant did not appeal the 2004 judgments, and consequently they became final. Defendant now attempts to attack the sentences imposed and suspended in 2004 in his appeal from the 2005 judgments revoking his probation and activating his sentences. We conclude, consistent with three decades of Court of Appeals precedent, that this challenge is an impermissible collateral attack on the original judgments.").

Appellant concedes that he failed to appeal the 2012 disposition order imposing the second probation. However, he contends that his appeal from the March 2013 order is a permissible collateral attack because the 2012 disposition order is void *ab initio*. We disagree.

> An order is void *ab initio* only when it is issued by a court that does not have jurisdiction. Such an order is a nullity and may be attacked either directly or collaterally, or may simply be ignored.
>
> In contrast, a voidable order stands until it is corrected. It may only be corrected by a direct attack; it may not be attacked collaterally. An irregular order, one issued contrary to the method of practice and procedure established by law, is voidable.

*State v. Sams*, 317 N.C. 230, 235, 345 S.E.2d 179, 182 (1986) (citations omitted). "Where a court has authority to hear and determine the questions in dispute and has control over the parties to the controversy, a judgment issued by the court is not void, *even if contrary to law*. Such a judgment is voidable, but not void *ab initio*, and is binding until vacated or corrected." *Hamilton v. Freeman*, 147 N.C. App. 195, 204, 554 S.E.2d 856, 861 (2001) (emphasis added)(citation omitted).

Here, appellant alleges a statutory violation—specifically, that "[the 2012 disposition order] was error because it was not a dispositional alternative available to the trial court based

on J.T.M.'s adjudication of delinquency on the two Class 1 misdemeanor offenses." Thus, appellant actually argues that the 2012 disposition order was voidable, not void *ab initio*, because it was "contrary to law." *Hamilton*, 147 N.C. App. at 204, 554 S.E.2d at 861. Nowhere in his brief or reply brief does appellant challenge the trial court's jurisdiction—a prerequisite to a conclusion that the 2012 disposition order is void *ab initio*. *See Sams*, 317 N.C. at 235, 345 S.E.2d at 182 ("An order is void *ab initio* only when it is issued by a court that does not have jurisdiction."); *see also In re S.E.P.*, 184 N.C. App. 481, 487, 646 S.E.2d 617, 622 (2007) (holding that because a juvenile petition was not verified, the trial court did not obtain subject matter jurisdiction, and its orders were void *ab initio*).

Thus, because appellant's argument amounts only to an allegation that the 2012 dispositional order was voidable, and voidable orders may only be attacked directly, his appeal from the March 2013 order is an impermissible collateral attack which we must dismiss.

## Conclusion

Because appellant's appeal is an impermissible collateral attack on the 2012 dispositional order, we dismiss.

DISMISSED.

Judges MCGEE and ELMORE concur.

Report per Rule 30(e).