**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1786**

JASON VICKS; MEKEISHA VICKS,

                Plaintiffs - Appellants,

      v.

OCWEN LOAN SERVICING, LLC; JOHN DOES 1-5,

                Defendants - Appellees.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, Chief District Judge.  (3:16-cv-00263-FDW)

Submitted:  November 20, 2017              Decided:  November 27, 2017

Before WILKINSON, DUNCAN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jason and Mekeisha Vicks, Appellants Pro Se.  Dennis Kyle Deak, TROUTMAN SANDERS, LLP, Raleigh, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellants Jason and Mekeisha Vicks appeal the district court's order dismissing the remainder of their civil complaint under Fed. R. Civ. P. 12(b)(6).[*] We review the district court's Rule 12(b)(6) dismissal de novo. *Mason v. Mach. Zone, Inc.*, 851 F.3d 315, 319 (4th Cir. 2017).

Our review of the record reveals no reversible error. First, the district court properly concluded that Appellants' claims are barred by collateral estoppel. *See State v. Summers*, 528 S.E.2d 17, 20 (N.C. 2000) (describing doctrine); *Thomas M. McInnis & Assocs., Inc. v. Hall*, 349 S.E.2d 552, 557 (N.C. 1986) (same); *Funderburk v. JPMorgan Chase Bank, N.A.*, 775 S.E.2d 1, 6-7 (N.C. Ct. App. 2015) (applying doctrine to foreclosure context); *see also Sartin v. Macik*, 535 F.3d 284, 288 (4th Cir. 2008) (discussing privity). Further, even assuming, without deciding, that *In re Lucks*, 794 S.E.2d 501 (N.C. 2016), could impact this holding, we conclude Appellants' claims remain subject to dismissal as impermissible collateral attacks on the May 2011 order of the Union County Superior Court Clerk authorizing foreclosure on Appellants' property, as well as the subsequent state appellate court decisions addressing that order. *See Howse v. Bank of Am., N.A.*, 804 S.E.2d 552, 555-57 (N.C. Ct. App. 2017) (addressing collateral attacks in foreclosure context); *Clayton v. N.C. State Bar*, 608 S.E.2d 821, 822 (N.C. Ct. App. 2005) (describing doctrine). Finally, insofar as Appellants raise claims premised on their contention that their mortgage

---

[*] We previously affirmed the dismissal of Appellants' complaint in part but vacated in part and remanded for further proceedings on Appellants' remaining claims. *Vicks v. Ocwen Loan Servicing, LLC*, 676 F. App'x 167, 169 (4th Cir. 2017) (No. 16-1909).

debt was extinguished in 2013, we conclude that those claims patently fail to state a claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating standard); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) ("[I]f a plaintiff attaches documents and relies upon the documents to form the basis for a claim or part of a claim, dismissal is appropriate if the document negates the claim." (internal quotation marks omitted)).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*