**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1909**

JASON VICKS; MEKEISHA VICKS,

Plaintiffs - Appellants,

v.

OCWEN LOAN SERVICING, LLC; JOHN DOE 1-5,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:16-cv-00263-FDW)

Submitted: January 20, 2017          Decided: January 25, 2017

Before WILKINSON, DUNCAN, and THACKER, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Jason Vicks, Mekeisha Vicks, Appellants Pro Se. Dennis Kyle Deak, TROUTMAN SANDERS, LLP, Raleigh, North Carolina, for Appellee Ocwen Loan Servicing, LLC.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason and Mekeisha Vicks ("Appellants") appeal the district court's order dismissing their civil action against Ocwen Loan Servicing, LLC ("Appellee"), arising from Appellee's involvement in mortgage foreclosure proceedings in North Carolina state court related to Appellants' residential property. The district court dismissed four of Appellants' claims for lack of subject matter jurisdiction, invoking the Rooker-Feldman* doctrine. It dismissed their remaining claim of intentional infliction of emotional distress ("IIED") pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. For the reasons that follow, we affirm in part, vacate in part, and remand for further proceedings.

We review de novo the district court's determination that it lacked subject matter jurisdiction over Appellants' claims. Flame S.A. v. Freight Bulk Pte. Ltd., 807 F.3d 572, 580 (4th Cir. 2015). The Rooker-Feldman doctrine bars state-court losers from seeking review in federal court of "injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic

---

* D.C. Ct. App. v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923).

2

Indus. Corp., 544 U.S. 280, 284 (2005). Under this narrow doctrine, federal courts may entertain claims previously examined by a state court, so long as those claims do not seek review of the state court decision itself. See Elyazidi v. SunTrust Bank, 780 F.3d 227, 233 (4th Cir. 2015). Where a federal complaint raises claims independent of, but in tension with, a state court judgment, the Rooker-Feldman doctrine "is not an impediment to the exercise of federal jurisdiction" simply because "the same or a related question was earlier aired between the parties in state court," and any tension created by the concurrent federal and state proceedings "should be managed through the doctrines of preclusion, comity, and abstention." Thana v. Bd. of License Comm'rs for Charles Cty., Md., 827 F.3d 314, 320 (4th Cir. 2016) (internal quotation marks omitted).

The district court concluded that Appellants' claims were barred by the Rooker-Feldman doctrine as "inextricably intertwined" with the state court's foreclosure order because success on their federal claims would require the district court to determine that the state court order was wrongly decided or to take action that would render that order ineffectual. While we have previously articulated a similar standard, see Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997), subsequent authority from the Supreme Court and this court has clarified the Rooker-Feldman doctrine's narrow scope. As we have explained,

3

> [u]nder Exxon, [the] "inextricably intertwined" language does not create an additional legal test for determining when claims challenging a state-court decision are barred, but merely states a conclusion: if the state-court loser seeks redress in the federal district court for the injury caused by the state-court decision, his federal claim is, by definition, "inextricably intertwined" with the state-court decision, and is therefore outside of the jurisdiction of the federal district court.

Davani v. Va. Dep't of Transp., 434 F.3d 712, 719 (4th Cir. 2006); see also Thana, 827 F.3d at 319-20 (describing doctrine's narrow application). Thus, as the court also has clarified, the mere fact that a ruling favorable to the federal plaintiff may call into question the correctness of a state court judgment has no bearing on the federal court's jurisdiction over the plaintiff's claims under Rooker-Feldman. See Thana, 827 F.3d at 322.

Here, Appellants' first four claims for relief seek either a declaration that Appellee has no rights to the loan proceeds or damages against Appellee for violations of the Real Estate Settlement Procedures Act ("RESPA"), see 12 C.F.R. § 1024.35 (2016), and several provisions of North Carolina state law. While success on these claims could call into question the validity of the state court's May 2011 order authorizing foreclosure, the claims do not seek appellate review of that order or fairly allege injury caused by the state court in entering that order. We therefore conclude that the district

4

court erred in applying the Rooker-Feldman doctrine to bar Appellants' claims. Further, while we are not precluded from affirming the dismissal of these claims on alternative grounds, see Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992), upon review of the record and the parties' submissions on appeal, we conclude that prudence counsels in favor of reserving further judgment on the propriety of Appellants' claims to the district court in the first instance. We therefore vacate the district court's dismissal of Appellants' first four claims for relief and remand for further proceedings.

Appellants also challenge the district court's dismissal of their IIED claim. We review de novo a district court's dismissal for failure to state a claim. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). To survive Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Our review of the record confirms the district court's conclusion that Appellants failed to state a valid IIED claim. See Holloway v. Wachovia Bank & Trust Co., N.A., 452 S.E.2d 233, 240 (N.C. 1994) (stating elements of claim); Waddle v. Sparks, 414 S.E.2d 22, 27 (N.C. 1992) (describing requirement of "severe emotional distress").

5

We therefore affirm the district court's dismissal of this claim.

In summary, we affirm the district court's judgment in part, insofar as it dismisses Appellants' IIED claim. We vacate the district court's judgment in part, insofar as it dismisses Appellants' remaining claims for lack of subject matter jurisdiction, and we remand for further proceedings consistent with this opinion. In so doing, we express no opinion as to the legal sufficiency of Appellants' reinstated claims or to the application of the doctrines of issue preclusion and claim preclusion to those claims, leaving the adequate development of these issues to the parties and to the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED